IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,                      NO. CIV S-99-0628 LKK-KJM

    vs.                                 DEATH PENALTY CASE

WARDEN, San Quentin State Prison,

    Respondent.                   ORDER

_____/

      Pending before the court are two motions for reconsideration of the magistrate judge's order granting in part and denying in part petitioner's motion for an evidentiary hearing. For the reasons explained below, both motions are denied.

      In non-dispositive matters, "[t]he district court must defer to the magistrate judge's orders unless they are clearly erroneous or contrary to law." Grimes v. San Francisco, 951 F.2d 236, 240 (9th Cir. 1991). Only if the district court is left "with the firm and definition conviction" that the orders were mistaken should it set them aside. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). This is a particularly high standard given the broad judicial discretion afforded with respect to holding evidentiary hearings. See Pagan v. Keane, 984 F.2d 61, 64 (2d Cir. 1993) ("In every case he has the power, constrained only by his sound discretion, to receive evidence bearing upon the applicant's constitutional claim.") (quoting Townsend v. Sain, 372 U.S. 293, 318 (1963)).

**Respondent's Motion**

    **1. Claim 7**

    This claim alleges that the prosecutor improperly vouched for the state's chief witness (by stating, for example, that the witness was "cooperative" and "provided all the information she could recall," RT 5377) and that petitioner's trial counsel unreasonably acquiesced in the prosecutor's decision to read the entire immunity agreement between the district attorney and the witness. The magistrate judge concluded that petitioner had made a prima facie case of both prosecutorial misconduct and ineffective assistance of counsel for failing to object.

    Respondent argues that there was no prosecutorial misconduct; a fortiori, failing to raise a meritless objection would not constitute ineffective assistance of counsel. The magistrate judge did not determine, however, that prosecutorial misconduct actually occurred. Rather, the magistrate judge merely ruled that petitioner had presented a prima facie case of the same, entitling him to an evidentiary hearing. Moreover, the fact that there is no "bright-line rule" about what constitutes prejudicial vouching does not, as respondent maintains, signal the absence of established law. Instead, it simply indicates that courts must examine multiple factors when ascertaining whether vouching has occurred. See United States v. Necoechea, 986 F.2d 1273, 1278 (9th Cir. 1993). This complexity bolsters rather than undercuts the appropriateness of an evidentiary hearing to determine whether there was an unreasonable determination of the facts by the state court.

    **2. Claim 25**

    This claim alleges that the cessation of anti-anxiety mediation immediately prior to the penalty phase of petitioner's trial caused his mental condition to deteriorate and impair his working relationship with counsel. Respondent argues that any deterioration in the relationship between petitioner and his counsel was attributable to a different cause of his own making -- e.g., his regret after receiving the verdict that he did not testify, RT 9535-37 -- but the trial court never considered the possibility that it was related to the cessation of petitioner's medication.

There was simply no factual finding on this latter point. If there was, in fact, an impairment of petitioner's working relationship counsel caused by the cessation of medication, it would undermine the trial court's finding that petitioner was simply being obstinate and its concomitant ruling with respect competence. An evidentiary hearing is therefore appropriate to fill the gap in the state court record. See Murdoch v. Castro, 365 F.3d 699, 705-06 (9th Cir. 2004).

### 3. Claim 44

This claim relates to the visibility of petitioner's shackling. Respondent argues that petitioner failed to make this objection at trial; but it is equally true that state court waiver is an affirmative defense that must be timely raised or the state will "lose the right to assert the defense thereafter." Gray v. Netherland, 518 U.S. 152, 165-66 (1989). Accordingly, the court finds that respondent waived its ability to make this argument.

**Petitioner's Motion**

### 1. People v. Corona

Petitioner argues that he should be entitled to present evidence of trial counsel Richard Hawk's ineffective assistance of counsel in another case, People v. Corona, 80 Cal. App. 3d 684 (1978), which preceded petitioner's trial by eight years. Petitioner maintains that this evidence would demonstrate a pattern of ineffective assistance by Hawk, or show that the ruling in Corona somehow emboldened Hawk to continue the conduct for which he was rebuked.

Under Ninth Circuit law, however, prior instances of misconduct should ordinarily not be admitted as evidence that an attorney acted incompetently in the subject case. See Bonin v. Calderon, 59 F.3d 815 (9th Cir. 1995) ("[A] habeas petitioner should not be allowed to transform what should be an inquiry into the reasonableness of counsel's performance at his trial into an general inquisition of defense counsel's record and reputation. Because the essential inquiry is whether the petitioner received objectively reasonable and conflict-free representation, evidence that the attorney may have erred or acted inappropriately in unrelated cases will normally have little, if any, probative value, and may therefore be properly excluded.").

3

While there are rare cases where such evidence may be admissible, petitioner here has not demonstrated a prima facie nexus between Corona and his own trial.  In Sanders, for example, the court found that trial counsel's subsequent disbarment was relevant, but the disbarment was for a course of conduct that spanned nearly a decade, and that encompassed the period of the case under review.  Sanders v. Ratelle, 21 F.3d 1446 (9th Cir. 1994).  Here, by contrast, petitioner's trial occurred some eight years after Corona.  In addition, Hawk was criticized for, inter alia, failing to investigate or raise defenses concerning the defendant's competence, but in petitioner's case, Hawk in fact raised those issues.  Accordingly, allowing evidence as to Hawk's conduct in Corona would shed little light on his conduct during petitioner's trial.  At the very least, the magistrate judge's ruling on this issue was not clearly erroneous.

**2. Claim 38**

Petitioner also seeks reconsideration of the denial of hearing on the claim that the conditions and length of petitioner's confinement violate the Eighth Amendment.  As noted by the magistrate judge, however, there is no clearly established law, either in a single case or derived from multiple cases, that petitioner may bring a conditions of confinement challenge in his habeas corpus petition, which challenges only the legality of the confinement itself.  See also McKenzie v. Day, 57 F.3d 1493, 1494 (9th Cir. 1995) (prolonged incarceration on death row does not violate Eighth Amendment).  Rather, this is more properly the domain of a civil rights action under § 1983.

Accordingly, IT IS HEREBY ORDERED that respondent's motion for reconsideration (Doc. No. 217) and petitioner's motion for reconsideration (Doc. No. 218) are both DENIED.

DATED:   December 13, 2007

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4