IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,

vs.

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

    Respondent.
_____/

No. CIV S-99-0628 LKK KJM

DEATH PENALTY CASE

ORDER

        The undersigned held a status conference on March 13, 2008. Tivon Schardl and Jennifer Corey appeared for petitioner. Wanda Hill Rouzan appeared for respondent. The parties and court discussed pre-evidentiary hearing issues and schedules. The most contentious issues involved two potential protective orders. They are discussed below. Other issues raised by the parties in their joint statement are addressed in the order clause. In addition, this order explains the general rules applicable to the parties' pre-evidentiary hearing submissions.

I. <u>Protective Orders Sought</u>

        The first order petitioner seeks would protect information respondent receives from petitioner's trial counsel's files. The court finds the protective order submitted by petitioner is too broad because it also applies to the evidentiary hearing. Any protection of information at

1

1  the evidentiary hearing will be considered at a later date.  The parties shall meet and confer and
2  submit a second proposed protective order covering the discovery phase of these proceedings.

3        Petitioner seeks a second protective order barring respondent from conducting ex
4  parte interviews with Juror Fairfield.  This second request is extraordinary.  Petitioner seeks to
5  bar respondent's counsel, or anyone associated with the Office of the California Attorney
6  General, from interviewing a witness outside the presence of petitioner's counsel or other
7  representative.  Petitioner claims this bar is necessary for two reasons.

8        First, petitioner alleges respondent failed to fully disclose important information
9  Juror Fairfield provided to a state investigator.  Some background is helpful here.  During the
10 state habeas proceedings, as here, petitioner claimed that Juror Fairfield committed misconduct
11 by discussing the case with her minister.  Petitioner submitted a declaration of Ms. Fairfield in
12 support of his claim.  In this declaration, Fairfield stated that she spoke with her clergyman
13 between the guilt and penalty phases about the difficult decisions she had made in finding
14 petitioner guilty and would have to make in deciding whether he should be sentenced to death.
15 She also said, "The clergyman reconfirmed my own beliefs about the propriety of what I was
16 doing."  Apr. 18, 2000 Decl. of Shelby Fairfield, Ex. 1 to Pet'r's Dec. 28, 2001 Mem. in Support
17 of Disc. Requests.

18       In a responsive declaration, California Department of Justice Special Agent Radu
19 stated that the Office of the Attorney General asked him to interview Juror Fairfield regarding
20 claims raised in petitioner's state habeas petition.  July 6, 2000 Decl. of John Radu, Ex. Q to Apr.
21 27, 2001 Answer to Am. Pet.  Agent Radu stated that Ms. Fairfield told him she asked her
22 minister what the Bible had to say about the death penalty and her minister gave her a written
23 response, "which in summary said that the people voted to enact laws to determine what crimes
24 are and what the penalties should be."  Respondent also submitted a declaration of Juror
25 Fairfield.  She stated she was unsure about the timing of her conversation with her minister.  July
26 6, 2000 Decl. of Shelby Fairfield, Ex. T to Apr. 27, 2001 Answer to Am. Pet.  Her other

statements mirror those in Agent Radu's declaration: that her minister gave her a written response regarding the law generally.

Based on conflicts between the declarations, the court found good cause for petitioner to discover Radu's investigative notes. See Mar. 29, 2002 Order. According to petitioner, the information in the notes that was omitted from Radu's declaration, and is important enough to warrant a protective order, is contained in the following underlined passages:

> Fairfield told me the response she received from her minister consisted of five or six pages of written material. <u>The response included quotations from the Bible which were supplemented with writings by the minister.</u> This response summarized the Bible's theory by saying, the people voted and enacted laws to determine what crimes are and what the penalties should be.
>
> <u>Fairfield said, in her opinion, the minister would have given an individual the death penalty if the individual was found guilty and the death penalty statutes applied.</u>

June 12, 2000 DOJ Investigation Report authored by John Radu, Ex. 12 to Pet'r's July 19, 2004 Mot. for Evid. Hrg. (emphasis added). Petitioner inflates the importance of this information. The first statement only differs from Radu's declaration in that it specifies that the minister provided quotations, which are not identified, from the Bible. Radu's declaration stated that Fairfield asked the minister, "What the Bible said about the death penalty," and her minister gave her "a written response." It is unsurprising that this written response might have included Bible quotations. With respect to the second statement, it appears to state only that Fairfield felt her minister would follow the law.

Neither statement renders Radu's declaration misleading. Nor would either change the analysis of petitioner's claim. The undersigned does not find that the omission of this information in Radu's declaration amounted to misconduct on the part of the deputy attorney general who filed it.

/////

Petitioner's second basis for the proposed protective order involves events that occurred in another capital habeas case in this district, <u>Stanley v. Ayers</u>, CIV S 95-1500. In May 2006, the magistrate judge found the deputy attorney general in that case committed prejudicial misconduct during the interview of a juror witness in 2000. May 31, 2006 Findings and Recommendations at 27-30. The district judge adopted that finding and conclusion. Oct. 13, 2006 Mem. and Order at 18. According to petitioner, during the federal proceedings, the respondent filed declarations in which supervisors stated that the conduct of the deputy attorney general during that interview comported with office policies. Neither the magistrate judge nor the district judge relied on these declarations in rendering their decisions.

Without showing any misconduct by the deputy attorney general in this case or any misconduct besides that found in one interview of one witness eight years ago, petitioner asks this court to restrict respondent's counsel's ability to conduct a normal, independent investigation of an evidentiary hearing witness. Petitioner has not shown good cause justifying the protective order sought. This court declines to enter such an order.

II. <u>General Rules</u>

    A. <u>Witnesses</u>

        1. The parties shall provide witness lists with all information required by Federal Rule of Civil Procedure 26.

            a. Only those witnesses listed will be permitted to testify unless:

                i. The party offering the witnesses demonstrates that the witness is for the purpose of rebutting evidence which could not reasonably be anticipated prior to the evidentiary hearing, or

                ii. The witness was discovered after the exchange of witness and/or exhibit lists and the proffering party:

                    (a) notifies the court and the opposing party within ten days prior to the evidentiary hearing,

                (b) shows she or he could not have reasonably discovered this witness prior to the exchange of witness and/or exhibit lists,

                (c) shows she or he notified the court promptly upon discovery of the witness, and

                (d) provides a summary of the witnesses testimony.

      2. Each party may call any witness designated by the other.

      3. Each party shall provide an expert witness list with a copy of each expert's report and all other information required by Federal Rule of Civil Procedure 26.

    B. <u>Exhibits</u>

      1. The parties will provide exhibit lists with all information required by Federal Rule of Civil Procedure 26.

      2. Exhibits shall be premarked and exchanged prior to the evidentiary hearing. Petitioner shall use numbers. Respondent shall use letters.

        a. Only those exhibits listed will be permitted unless:

            i. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not reasonably have been anticipated, or

            ii. The exhibit was discovered after the exchange of exhibits and/or witness lists and the proffering party:

                (a) notifies the court and the opposing party within ten days prior to the evidentiary hearing,

                (b) shows she or he could not have reasonably discovered this exhibit prior to the exchange of witness and/or exhibit lists,

                (c) shows she or he notified the court promptly upon discovery of the exhibit, and

                (d) provides a copy of the exhibit to the opposing party.

/////

       3. The parties shall each provide two exhibit binders containing copies of each exhibit for the court's use during the evidentiary hearing.

       After considering the parties' Joint Statement of Evidentiary Hearing Procedures and the arguments of counsel, and good cause appearing, IT IS HEREBY ORDERED as follows:

       1. <u>Discovery/Investigation Issues</u>

       a. Petitioner agrees to respondent's request to discover trial counsel's files as long as a protective order is in place. The undersigned finds good cause for respondent to discover trial counsel's files and agrees that a protective order is necessary covering such discovery. As directed at hearing, the parties shall meet and confer and are to have submitted a revised proposed protective order, covering discovery only, by March 27, 2008. If the parties cannot agree, they may submit separate proposed orders.

       b. Assuming a protective order has been signed, petitioner shall make his trial counsel's files available to respondent by April 3, 2008. If a protective order has not been signed by that date, the undersigned shall order a later date for release of trial counsel's files.

       c. Respondent requests authority to depose petitioner's experts Dr. Myla Young, Dr. Jeff Victoroff and the expert petitioner selects to replace Dr. Mark Cunningham. The undersigned finds good cause for the depositions of Young, Victoroff and the new expert. <u>See</u> Rule 6, Rules Governing § 2254 Cases. Respondent also sought to depose attorney expert Laurie Levenson. However, during the status conference respondent withdrew that request.

       d. Respondent requests permission to depose any lay witnesses who decline to be interviewed. At this point, respondent has not shown the good cause required to conduct a deposition. <u>See</u> Rule 6, Rules Governing § 2254 Cases. If respondent seeks to take depositions, he must make a request pursuant to Rule 6. Respondent agreed that if the testimony of any lay witnesses will be taken by deposition, these witnesses need only be deposed once. A timeline for proposing testimony by deposition is set out below.

/////

       e. Respondent requests permission to submit additional declarations from two detectives. Because this is not a discovery request, the court need not approve it.

       f. As discussed above, the undersigned does not find good cause for a protective order barring respondent from interviewing Juror Fairfield ex parte.

       g. All discovery, including motions to compel, must be concluded by June 30, 2008. This does not include depositions to be taken in lieu of in-court testimony.

### 2. Petitioner's Request to Expand the Record

Petitioner seeks to expand the record under Rule 7, Rules Governing § 2254 Cases, to include institutional records, declarations of family members, and other items listed in the February 11 Joint Statement at pages 6-7. Respondent opposed the motion generally but, at the hearing, was willing to consider stipulating to some of the institutional records. The parties are directed to meet and confer and submit a joint statement regarding any stipulations and any disagreements regarding petitioner's Rule 7 request by May 15, 2008.

### 3. Scheduling Orders re Conduct of Evidentiary Hearing

       a. By May 15, 2008, petitioner shall file and serve a list of all expert witnesses, a copy of each expert's report, or the location of that report in the court's record, and any other information regarding that expert required by Rule 26. Petitioner stated at the status conference that he intends to present Laurie Levenson's testimony at the evidentiary hearing. A review of Ms. Levenson's declaration shows she would testify to the reasonableness of trial counsel's conduct. In particular, Ms. Levenson compares counsel's conduct to standards set out in the ABA Guidelines. It is not clear that Ms. Levenson's testimony is necessary. The undersigned typically has denied requests to present the testimony of Strickland experts regarding the reasonableness of counsel's conduct. The court sees nothing different in the present case. Petitioner is free to incorporate the authorities cited by Ms. Levenson as part of the briefing in this matter. If, at the time of his May 15 filing, petitioner still seeks to present Ms. Levenson's

/////

live testimony, he shall include a statement explaining why he believes that testimony is necessary.

   b. By May 15, 2008, each party shall file and serve the following:

    i. A copy of each document he proposes to submit under Rule 7 of the Rules Governing § 2254 Cases;

    ii. A list of all evidentiary hearing lay witnesses and exhibits with the information required by Federal Rule of Civil Procedure 26.

    iii. Identification of any witness whose testimony he proposes to submit by deposition and copies of the direct testimony he proposes to submit by declaration.

    iv. A summary of the testimony of any lay witness a party intends to call to testify at the evidentiary hearing. However, testimony of witnesses who may be presented solely for impeachment is unnecessary.

   c. By June 12, 2008, respondent shall provide petitioner with a list of all expert witnesses, a copy of each expert's report, or the location of that report in the court's record, and any other information regarding that expert required by Rule 26.

   d. By July 15, 2008, each party shall exchange all exhibits, which must be pre-marked as described above.

   e. By July 15, 2008, parties shall make the appropriate filings for any necessary writs of habeas corpus ad testificandum.

   f. Prior to July 31, 2008, the parties shall meet and confer regarding possible stipulations to Rule 7 documents, to methods for taking testimony, or to witness testimony. By July 31, 2008, the parties shall file a joint statement regarding any stipulations, disagreements, or motions in limine.

   4. On August 4, 2008 at 10:00 a.m. in courtroom #26, the undersigned will hold a pre-evidentiary hearing conference to discuss outstanding matters.

/////

1       5. On August 11, 2008 at 9:00 a.m. in courtroom #26, the undersigned will hold the evidentiary hearing described in the court's December 1, 2006 order.

      6. The parties are reminded that the court considers these dates firm. The claims that are the subject of this evidentiary hearing were described well over a year ago in the court's December 1, 2006 order. Reconsideration was not sought on many of those claims. For example, respondent did not seek reconsideration of the grant of an evidentiary hearing on claim 2, which alleges ineffective assistance of counsel for failure to investigate and present a mental state defense, or on claims 28 and 29, which allege ineffective assistance of counsel for the failure to investigate and present mitigating evidence. The parties have had ample time to investigate those claims, conduct discovery, and prepare witnesses. Any request for an extension of time, therefore, would have to demonstrate extraordinary circumstances to be approved.

DATED: April 1, 2008.

_____
U.S. MAGISTRATE JUDGE

frye pre evi hrg.or