1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JERRY GRANT FRYE,

11           Petitioner,                    No. CIV S-99-0628 LKK KJM

12       vs.                                DEATH PENALTY CASE

13   ROBERT L. AYERS, Jr.,
       Warden of San Quentin
14     State Prison,

15           Respondent.                    ORDER

16   _____/

17           Petitioner seeks a protective order for documents to be produced from his trial

18   counsel's files.  Both parties have submitted proposed protective orders.  After considering the

19   parties' submissions and arguments made during the March 13, 2008 status conference, and good

20   cause appearing, the undersigned finds the protective order below appropriate at this time for

21   documents and information produced to respondent from petitioner's trial counsel's files.[1]  As

22   the undersigned made clear at the status conference, this protective order governs the discovered

23   _____

24        [1]  It should be noted that this protective order is essentially identical to the protective
     orders approved by the Court of Appeals in Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003)
25   and Osband v. Woodford, 290 F.3d 1036 (9th Cir. 2002).  The undersigned has added additional
     paragraphs agreed to by the parties or suggested to address some, specific pre-evidentiary hearing
26   matters.  Many of those additions were approved previously by this court in a June 14, 2006
     revised protective order issued in Osband v. Ayers, CIV S 97-152 WBS KJM.

1  materials and information for purposes of preparing for the evidentiary hearing.  This protective

2  order does not govern the conduct of the evidentiary hearing or the briefing or orders thereafter.

3  This procedure is not unusual.  Broad protective orders are issued frequently during discovery to

4  control the use of protected information during nondispositive proceedings.  See Baxter

5  International, Inc. v. Abbott Laboratories, 297 F.3d 544, 546-47 (7th Cir. 2002) (improper to

6  allow protective order issued during discovery for purposes of simplifying discovery to hold

7  sway during dispositive proceedings).  Different considerations, including primarily the

8  presumption that dispositive proceedings in a case such as this will be open to the public, come

9  into play at the evidentiary hearing stage.  See San Jose Mercury News, Inc. v. United States

10  District Court, 187 F.3d 1096 (9th Cir. 1999) (strong presumption of public access to documents

11  submitted with a motion for summary judgment in a civil case).  Prior to the evidentiary hearing,

12  the court will establish a procedure for addressing the use of information derived from trial

13  counsel's files at the evidentiary hearing.

## DISCOVERY PHASE PROTECTIVE ORDER

14

15  1.  All documents produced to respondent pursuant to respondent's request to

16  discover petitioner's trial counsel's files shall be deemed to be confidential. These

17  documents may be used only by counsel for the State and persons working under

18  their direct supervision (including investigating agents and expert consultants) in

19  connection with these habeas proceedings and may be used only for purposes of

20  any proceedings incident to the petition for writ of habeas corpus pending before

21  this court.  Disclosure of the contents of the documents and the documents

22  themselves may not be made to any other persons or agencies, including any law

23  enforcement or prosecutorial personnel or agencies, without an order from this

24  court. This order shall continue in effect after the conclusion of the habeas corpus

25  proceedings and specifically shall apply in the event of a retrial of all or any

26  portion of petitioner's criminal case.

2.    This protective order does not apply to documents or information obtained from sources independent of petitioner's trial counsel's files or previously made public even if that information also is contained in petitioner's trial counsel's files.

3.    Each page of the materials produced to respondent from trial counsel's files shall be marked with consecutive page numbers in the lower right corner or some other consistent location so that every page can be identified by a distinct number.

4.    For purposes of preparing for the evidentiary hearing, paragraph 1 is modified as follows:

(a)    Respondent may take the deposition of Petitioner's trial counsel and/or any investigators who worked on their behalf;

(b)    alternatively, Respondent may conduct interviews with Petitioner's trial counsel and/or trial investigator(s) provided that the entire interview is tape- or video-recorded and the recording served on Petitioner at least two (2) weeks prior to the evidentiary hearing and lodged with the court under seal at the time of the evidentiary hearing;

(c)    at such deposition or recorded interview, Respondent may show documents contained in trial counsel's file to the trial attorney or their trial investigator who is being deposed or interviewed;

(d)    Respondent may show transcripts of interviews to the individual who was the subject of the interview for the purpose of refreshing the individual's prior recorded recollection;

(e)    Except as provided in paragraph 4(c) and 4(d), Respondent shall not show any documents from trial counsel's files to any individual without prior authorization of the court on motion pursuant to ten (10) days' notice filed and served on counsel for Petitioner.  Petitioner may file and serve opposition, if any, five (5) days after service of the motion.  Any reply by

3

1        Respondent may be filed and served two (2) days after service of any

2        opposition.  The parties agree that the court may issue an order on motion

3        without the necessity of a hearing.  Any request to file all or part of a

4        motion or opposition under seal shall be made pursuant to the local rules.

5        The only pre-hearing communications between trial counsel or trial

6        investigators and Respondent regarding the trial representation of

7        Petitioner shall be those described in this paragraph.  As with all

8        documents produced to Respondent, the transcripts of depositions and/or

9        recordings of interviews, the information contained therein, or derived

10        therefrom shall be sequestered in the manner described in paragraph 1

11        above.

12    5.    Respondent shall insure that any person, other than counsel directly involved in

13        this case, to whom Respondent reveals information covered by this protective

14        order is given a copy of this protective order and signs a statement that he or she

15        has read and understands his or her obligations with respect to this protective

16        order.  Respondent shall retain these signed statements.

17  DATED:  April 4, 2008.

18

19                                _____

20                       U.S. MAGISTRATE JUDGE

21

22

23

24

25

26

1  frye prot or
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26