IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,

vs.

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

    Respondent.

_____/

No. CIV S-99-0628 LKK KJM

DEATH PENALTY CASE

ORDER

This order addresses various requests made by the parties in recent filings. After considering those filings, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Petitioner's May 9, 2008 request (doc. #262), without opposition from respondent, for a two-week extension of time to disclose the expert report of Ms. Cornell and a five-day extension of time to disclose the remaining portions of the report of Dr. Young is granted.

2. In his May 8, 2008 status report (doc. #261), respondent indicates the need for a two-week extension of the time set by the court's April 2, 2008 order (doc. #249), to provide petitioner with a list of all expert witnesses, a copy of each expert's report, or the location of that report in the court's record, and any other information regarding that expert required by Rule 26.

1

1  Respondent represents that petitioner has no objection to this extension of time. Based on the
2  apparent lack of opposition, and good cause appearing, respondent's request for an extension of
3  time to provide petitioner with his experts' information is granted.[1]

4        3. Petitioner requests expansion of the record. (Doc. #266) Respondent
5  stipulates to expansion of the record with some documents but objects to others. The parties had
6  been ordered to meet and confer regarding this request and provide the court with a joint
7  statement by May 15. Apr. 2, 2008 Order at 7 (doc. #249). They did not do so. Instead, they
8  filed separate statements, after petitioner provided respondent with a detailed list of his record
9  expansion materials on May 12 and the parties participated in a telephone conference on May 14.
10 See Pet'r's May 15, 2008 Request for Record Expansion at 2 (doc. #266). In his May 15
11 statement, petitioner purports to represent respondent's objections. However, in a May 22 filing,
12 respondent states that petitioner has not stated respondent's positions correctly. (Doc. #287)
13 Because the parties failed to file a joint statement, and in light of the record on this question, the
14 court will permit respondent's May 22 filing. In addition, the court will not, as petitioner
15 requests, limit respondent's objections to the objections petitioner claims respondent raised in the
16 May 14 meeting. If petitioner wishes to file a reply to respondent's May 22 document, he may
17 do so within ten days of the filed date of this order. Thereafter, the court will rule on petitioner's
18 request for expansion of the record.

19       4. Respondent also seeks expansion of the record. (Doc. #273) Despite the fact
20 the April 2 order provides a May 15 deadline for providing a copy of each document a party
21 "proposes to submit under Rule 7" and a July 31 deadline for the parties to: (a) "meet and confer

---

[1] Respondent mentions in his status report that these extensions of time may impact the June 30, 2008 discovery deadline. However, he does not make a request for an extension. The court previously extended the deadline for petitioner's depositions of respondent's experts. May 6, 2008 Order (doc. #259). Respondent is warned that because he has had information regarding most of petitioner's experts for some time, he will have to make a showing of extraordinary circumstances to justify any extension of the June 30 discovery deadline with respect to discovery relating to those experts.

1  regarding possible stipulations to Rule 7 documents" and (b) "file a joint statement regarding any
2  stipulations, disagreements, or motions in limine," petitioner filed a detailed objection to
3  respondent's right to seek expansion of the record. Petitioner's objections are not well taken.
4  Petitioner will have the opportunity to submit his position on respondent's request in the July 31
5  joint statement.

6        5. Petitioner seeks a ruling on the admissibility of the final paragraph of the
7  "stipulated" testimony of Juror Silvey set out in petitioner's May 16 filing. (Doc. #277)
8  Respondent does not stipulate to that final paragraph and, in fact, in a May 19 filing appears to
9  take issue with other aspects of the supposed "stipulated" testimony.[2] (Doc. #281) The April 2
10 order provides a July 31 deadline for stipulated testimony. If petitioner wishes to name Ms.
11 Silvey as a witness and has not done so, he may add her to his list of lay witnesses and continue
12 to attempt to reach a stipulation with respondent. The court notes that while petitioner states that
13 respondent objects to the subject matter of the last paragraph of Ms. Silvey's "stipulated"
14 testimony, respondent's May 19 statement does not lodge an objection with the court but rather
15 indicates respondent reserves his right to cross-examine Ms. Silvey regarding that testimony.

16        6. Both parties have submitted statements regarding the potential testimony of
17 petitioner's expert Professor Laurie Levenson. (Docs. ##264, 280) Petitioner objects to
18 respondent's statement because it was not ordered. The court will consider respondent's
19 statement. If petitioner wishes to file a reply, he may do so on or before June 9, 2008.

20        7. Respondent's May 20 request to seal his exhibits I and J (doc. #284), based on
21 petitioner's expressed concerns, is granted provisionally and the Clerk of the Court is hereby
22 directed to seal these exhibits. The parties are advised that the court will reconsider whether
23 permanent sealing of those exhibits is appropriate when it considers the propriety of sealing

---

[2] Petitioner contends respondent's May 19 statement is untimely. However, the April 2 order provided a July 31 deadline for stipulated testimony. The court will consider respondent's May 19 statement. To the extent petitioner persists in lodging excessive, frivolous and misleading objections to respondent's filings, he risks the imposition of sanctions.

portions of evidentiary hearing testimony and exhibits.

8. Because the issues raised in petitioner's May 19 "Objections" have been addressed above, his May 19 request for a status conference (doc. #282) is denied.

DATED: May 30, 2008.

_____
U.S. MAGISTRATE JUDGE

frye pre evi.or 3