IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,                 No. CIV S-99-0628 LKK KJM

    vs.                             DEATH PENALTY CASE

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

    Respondent.             ORDER

_____/

        The parties have submitted statements regarding the necessity of presenting Professor Laurie Levenson's oral testimony at evidentiary hearing. See Docket Nos. 264, 280, 296. Petitioner seeks to present the testimony of Professor Levenson to show "the prevailing norms of capital defense practice" and how they were not met in this case. He argues that because this case has some unique issues regarding the constitutional effectiveness of his trial counsel, an expert is required to "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Respondent argues it is within this court's discretion to determine whether or not Professor Levenson should testify and that her testimony may be excluded under Rule 702.

/////

1

1    Generally, the district court has discretion to determine the scope of an evidentiary hearing in a habeas corpus case. <u>LaGrand v. Stewart</u>, 133 F.3d 1253, 1270 (9th Cir. 1998). A district court "'need not conduct full evidentiary hearings, but may instead 'expand the record . . . with discovery and documentary evidence.'" <u>Williams v. Woodford</u>, 384 F.3d 567, 590 (9th Cir. 2004) (quoting <u>Watts v. United States</u>, 841 F.2d 275, 277 (9th Cir. 1988) (per curiam)). A "district court in a habeas corpus proceeding has the discretion to conduct an evidentiary hearing by choosing a middle path that includes documentary evidence, but excludes oral testimony. A district court must only give the petitioner full opportunity to present the relevant facts." <u>Id.</u> at 607 (citation omitted); <u>Belmontes v. Ayers</u>, No. 01-99018, slip op. at 6776 n.2 (9th Cir. June 13, 2008) (magistrate judge's determination that ineffective assistance of counsel claim could be resolved on the basis of deposition testimony and other documentary evidence not an abuse of discretion, given circumstances of case).

The admission of expert testimony in an evidentiary hearing is governed by Federal Rule of Evidence 702.[1] Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The question then is whether or not Professor Levenson's testimony will assist this court in understanding the evidence or determining a fact in issue.[2] Resolution of this question lies

---

[1] The Federal Rules of Evidence apply in habeas corpus proceedings under 28 U.S.C. § 2254. Fed. R. Evid. 1101(e).

[2] The undersigned understands that petitioner is making an argument before the district judge that "only an Article III judge may issue rulings regarding what is necessary to the adjudication of his claims." Pet'r's May 15, 2008 Brief (docket no. 264) at 2. Absent a district court order directing otherwise, this court will continue to address the non-dispositive issues necessary to permit the parties to prepare for the upcoming evidentiary hearing.

within this court's "broad discretion" to determine whether to allow expert testimony during an evidentiary hearing. Hovey v. Ayers, 458 F.3d 892, 911 (9th Cir. 2006).

Nothing requires this court to permit the testimony of a legal expert on petitioner's ineffective assistance of counsel claim. In fact, the Court of Appeals for the Ninth Circuit has been clear that a district court may find this sort of testimony unnecessary because the district court is "qualified to understand the legal analysis required by Strickland." Bonin v. Calderon, 59 F.3d 815, 838 (9th Cir. 1995); LaGrand, 133 F.3d at 1270 n.8 ("there is no requirement that expert testimony of outside attorneys be used to determine the appropriate standard of care"). In his briefs on the motion for reconsideration pending before the district judge,[3] petitioner relies on a statement by the Court of Appeals that, according to petitioner, demonstrates a requirement for this sort of expert testimony. See Sims v. Brown, 425 F.3d 560, 584 (9th Cir. 2005) ("Indeed, Sims submitted no evidence during the evidentiary hearing from experts in the legal community that [trial counsel's] performance fell short of prevailing legal norms."). Petitioner fails to mention that shortly after rendering its opinion in Sims, the Court of Appeals amended it to delete the very sentence upon which petitioner relies. See Sims v. Brown, 430 F.3d 1220 (9th Cir. 2005). Petitioner cites no good authority in support of his claim that Professor Levenson's testimony must be presented in person at the evidentiary hearing.

This court does not find Professor Levenson's opinions to require in-court presentation. Professor Levenson's credibility is not in question and this court is able to consider the Strickland issues without expert assistance. However, the court does find Professor Levenson's analyses relevant and much of her declaration is a useful brief on the application of the facts to the law, Rules of Professional Conduct, and ABA Standards. In similar situations, courts have permitted the admission of expert opinions by declaration. See, e.g., Williams, 384

---

[3] In his brief regarding the necessity of Levenson's testimony, petitioner "incorporates by specific reference into this filing all arguments made in his request for reconsideration and in his reply to the State's opposition to reconsideration." Pet'r's May 15, 2008 Brief (docket no. 264) at 2:1-3; see also Pet'r's June 19, 2008 Reply (docket no. 296) at 2:2-5.

F.3d at 590, 607. Accordingly, the court intends to admit Professor Levenson's declaration under Rule 7, Rules Governing Section 2254 Cases. That declaration will be considered Professor Levenson's direct testimony. If respondent wishes to cross-examine Professor Levenson, he may do so by deposition. Id. at 607; see also Belmontes, supra, at 6776 n.2 .

While the procedure outlined above is the court's preference, the undersigned recognizes that the parties may stipulate to a different method of presenting Professor Levenson's out-of-court testimony. The April 2 scheduling order requires a joint statement by July 31 regarding the methods for taking testimony; any stipulation of the parties should be included in that joint statement.[4]

DATED: June 25, 2008.

_____
U.S. MAGISTRATE JUDGE

frye levenson.or

---

[4] Petitioner is reminded that Professor Levenson's declaration should be a complete statement of her opinions. The parties were required to provide a report for each expert in conformance with the requirements of Federal Rule of Civil Procedure 26. See Apr. 2, 2008 Order. Rule 26(a)(2)(B) specifies, among other things, that the expert's report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor."

4