IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,

vs.

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

    Respondent.

No. CIV S-99-0628 LKK KJM

DEATH PENALTY CASE

ORDER

During the evidentiary hearing held in this matter on August 21, 2008, several issues arose that require resolution, and immediately following the hearing the parties argued petitioner's August 11 and 14, 2008 motions to exclude or limit testimony and exhibits regarding Officer Eric Bryson. Upon review of the issues and the motions and documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

    1. <u>Investigative Notes of Special Agent Radu</u>

During the questioning of Agent John Radu at hearing, petitioner asserted respondent had violated discovery by failing to provide the notes of Radu's interview of Juror Shelby Fairfield. Agent Radu testified that if any notes had been preserved, the investigative

1

report would indicate their location.  Because the investigative report contained no such notation, Radu testified it was likely he incorporated any notes into his investigation report and subsequently discarded the notes themselves.  If petitioner maintains his assertion of a discovery violation, within five days of the filed date of this order he shall inform the court of the basis for his assertion and propose a remedy.

2. <u>Further Evidence Regarding Claims 42 and 44</u>

Petitioner requested an opportunity to submit additional testimony from Professor Richard Garnett.  By September 5, 2008, petitioner may submit any additional testimony from Professor Garnett by declaration.  Within five days of the filed date of any declaration, respondent shall file a statement regarding whether, and if so how, he wishes to cross-examine Professor Garnett on the declaration.

3. <u>Joint Statement Regarding Briefing Schedule for Claims 42 and 44</u>

By August 26, 2008, the parties shall file either a joint statement proposing a briefing schedule for claims 42 and 44 or separate statements explaining the party's disagreements and suggesting schedules.

4. <u>Motions in Limine Regarding Officer Bryson</u>

  a. <u>August 11 Motion</u>

Petitioner's August 11, 2008 Motion to Limit the Testimony of Officer Bryson is granted in part and denied in part.

Officer Bryson's testimony is limited to the subjects contained in his August 24, 2008 declaration.  <u>See</u> Apr. 2, 2008 Order at 8 (each party to provide a "summary of the testimony of any lay witness a party intends to call to testify at the evidentiary hearing").

With respect to Bryson's expected testimony that petitioner fit a criminal "profile," petitioner complains this would amount to expert testimony and Bryson has not been identified as an expert.  Petitioner cites the case of <u>United States v. Alatorre</u>, 222 F.3d 1098 (9th Cir. 2000), for his assertion that case law is clear that such "profile" testimony must be

considered expert testimony. He has not provided a pinpoint citation for the proposition. This court reads Alatorre as considering "whether a separate, pretrial hearing, outside the presence of the jury, is required before expert testimony may be admitted at trial." 222 F.3d at 1100. The decision does not support petitioner's statement that "profile" testimony is necessarily expert testimony, particularly in the context of the current proceedings. If respondent wishes to elicit such "profile" testimony, he may do so. Petitioner is free to object on the record and to cross-examine Officer Bryson as he sees fit. The court understands there may be an issue regarding Officer Bryson's fitness to have testified about a criminal profile during the state trial. However, any opinions Officer Bryson may state during this evidentiary hearing will not be considered expert opinions as contemplated by Federal Rule of Evidence 702.

Petitioner also argues in his August 11 motion that Bryson's testimony should be excluded or limited because the court may not consider potential rebuttal to mitigating evidence he argues should have been presented at the penalty phase. Petitioner relies on Deutscher v. Whitley, 884 F.2d 1152 (9th Cir. 1989), which has been vacated by the Supreme Court. See Angelone v. Deutscher, 500 U.S. 901 (1991). Petitioner's statement during the hearing that Deutscher was "vacated on other grounds" is not well taken. Deutscher has no precedential value here. Durning v. Citibank, N.A., 950 F.2d 1419, 1424 n.2 (9th Cir. 1991) ("Although the Authority contends that the decision was 'vacated on other grounds,' we find that contention curious. A decision may be *reversed* on other grounds, but a decision that has been *vacated* has no precedential authority whatsoever." (Emphases in original; citations omitted.)). Because Bryson's testimony may be relevant to issues that are the subject of the evidentiary hearing in this case, the court will not limit or exclude it based on petitioner's argument that it would not have been admissible at the penalty phase. Petitioner, of course, may make a record of his objections to Bryson's testimony during deposition.

/////

/////

b. August 14 Motion

Petitioner's August 14, 2008 motion in limine is granted. Respondent's exhibits C-1 and C-2 will be excluded because respondent failed to list them in his May 15, 2008 Exhibit List or comply with the standards for late exhibits set out in the April 2, 2008 Order at page 5.

DATED: August 25, 2008.

_____
U.S. MAGISTRATE JUDGE

frye mtns in lim.or.