IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,                    No. CIV S-99-0628 LKK KJM

    vs.                               DEATH PENALTY CASE

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

    Respondent.                ORDER

_____/

On October 7, 2008, the undersigned held a telephonic status conference to discuss the methods for taking evidentiary hearing testimony in this case. Tivon Schardl and Jennifer Corey participated for petitioner. Wanda Hill Rouzan and Maggy Krell participated for respondent. The court finds it necessary to consider the methods for taking testimony in the absence of a final decision regarding sealing the evidentiary hearing, its exhibits and transcripts. The court informed the parties that it intends to order, as it did in Osband v. Ayers, CIV S 97-152 WBS KJM, that before evidentiary hearing testimony or exhibits may be sealed petitioner must show that information for which sealing is so sought is subject to the attorney/client privilege or work product protection and that making the information public would potentially prejudice

/////

1

petitioner.[1]  The court further informed the parties, as it has in the past, that closing the courtroom for days of testimony is not acceptable.

        The court encouraged the parties to consider taking testimony by deposition in lieu of in-court testimony.  In fact, petitioner proposed this method of taking testimony, including the testimony of trial personnel, during the July 2, 2008 status conference and in his briefing on the sealing issue.[2]  Conducting depositions would allow the parties to wait until the sealing issue is resolved before submitting the transcripts to the court for consideration of what testimony and exhibits should be sealed and what should be made public at the time of filing.  However, petitioner's counsel now argues that the court should hear in-court testimony of many witnesses.  While petitioner's counsel did not identify any witnesses whose testimony may require consideration of their credibility, he argued that the court should view Power Point presentations prepared by his experts while those experts are testifying in the courtroom, and stated that the court needed to hear the live testimony of trial personnel to have a sense of how this case impacted them.[3]  Petitioner's counsel also pointed out the expense of videotaping depositions and expressed concerns about finding space to conduct them.  Respondent's counsel argued that she preferred all testimony, and in particular cross-examination, be heard in court.  Respondent's counsel also stated, without explanation, that experts' credibility would be an issue.

---

[1] The court's order on this issue, issued simultaneously with this order, will not be final. Petitioner's counsel informed the court during the conference that he intends to seek reconsideration of the order, as the petitioner did in Osband.  The District Judge in Osband has not ruled yet on petitioner's June 13, 2008 request for reconsideration.  Oral argument on the request is set for November 24, 2008.  Osband, Sept. 25, 2008 Order.

[2] "Mr. Frye submits that this Court should consider the use of videotaped depositions as a means of taking evidence." Pet'r's July 21, 2008 Resp. to Tent. Ruling at 3.  "The Court either should order the evidentiary hearing sealed during the testimony of defense trial personnel, or exercise its authority under 28 U.S.C. § 2246 and direct that the testimony be taken by video-taped depositions." Id. at 15.

[3] In an October 10, 2008 Supplemental Status Report, petitioner states that, due to scheduling problems with his experts, he withdraws his objection to taking the testimony of Dr. Victoroff by deposition and proposes deposing Dr. Victoroff on November 5 and 6.

1    Several other issues were raised during the conference.  First, respondent asked
2 for a change of date or time of the October 27, 2008 pretrial conference.  Second, petitioner
3 requested two additional days for the exchange of exhibit binders, which at the time was
4 scheduled to take place on October 8, one day after the telephonic conference, which was
5 specially set by the court.  Respondent had no opposition as long as the extension of time applies
6 to both parties.  Third, petitioner sought clarification regarding whether the protective order
7 covers the exhibit binders.  The court stated that it did not.  However, respondent was willing to
8 agree to, and the court was willing to issue, a new order to protect the confidentiality of all
9 exhibits provided to respondent outside of court and identified by petitioner as confidential.
10 Such an order would protect petitioner's confidentiality concerns while permitting respondent to
11 prepare for the testimony of petitioner's evidentiary hearing witnesses.  Under the proposed
12 procedures, the exhibits, like the deposition transcripts, would not be submitted to the court until
13 the sealing issues had been resolved.  In addition, to clarify, when the sealing issues are resolved,
14 if petitioner then determines that he would rather keep evidence confidential than disclose it, he
15 will be given the opportunity to strike those portions of testimony and exhibits.

16    Petitioner has informed the court that he has not turned over certain exhibits
17 subject to such an order.  Pet'r's Oct. 10, 2008 Supp. Status Rpt.  While the court is concerned
18 that this issue is being raised at such a late date,[4] it also is the case that until exhibits have been
19 exchanged, evidentiary hearing testimony cannot be taken.
20 /////
21 /////
22 /////

---

[4] In his Supplemental Status Report, petitioner states that this status conference was the first time petitioner had been informed that the existing protective order would not cover documents included in the exhibit binders.  Pet'r's Oct. 10, 2008 Supp. Status Rpt. at 5. Because this court has previously held that the discovery protective order does not apply to the evidentiary hearing, petitioner's "surprise" seems disingenuous.  See Orders dated Apr. 2, Apr. 7 (docket no. 251), and July 9, 2008.

Considering the arguments of counsel, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Both parties shall have two additional days to exchange exhibit binders. Because petitioner has withheld certain exhibits due to the lack of a protective order, within five days of the filed date of this order he shall propose a protective order to cover those exhibits.

2. The court finds credibility is not an issue with respect to most witnesses and that there is no other sufficient reason to require their in-court testimony. The parties are reminded that this is a judge-only proceeding and that the court will review the record carefully when it is finalized. Accordingly, the parties shall conduct depositions to take the testimony of all witnesses except defense trial personnel Mr. Iverson, Ms. McDowell, Ms. Walle and Mr. Bricker. The depositions need not be videotaped.

3. With respect to the defense trial personnel, petitioner may opt to take their testimony by videotaped deposition as he initially proposed. If petitioner opts for in-court testimony, then the testimony of trial personnel must be postponed until there is a final decision on the sealing issue.

4. The parties shall keep the current schedule for taking testimony unless they agree upon a different schedule, with two exceptions. The parties shall accommodate both Ms. Krell's early December trial and Dr. Young's early November trip to Hawaii.

5. By October 24, 2008, the parties shall file a joint statement regarding any stipulations, disagreements, or motions in limine with respect to Claims 2, 3, 7, 25, 28 and 29.

6. The October 27, 2008 pre-evidentiary hearing conference is continued to October 28, 2008 at 10:00 a.m. in courtroom #26.

DATED: October 16, 2008.

_____
U.S. MAGISTRATE JUDGE

frye evi hrg testi.or2