IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

      Petitioner,                   No. CIV S-99-0628 LKK KJM

    vs.                             DEATH PENALTY CASE

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

      Respondent.                ORDER

_____/

        In a July 9, 2008 order, this court adopted a June 13, 2008 order issued in <u>Osband v. Ayers</u>, CIV S-97-0152 WBS KJM, as a tentative ruling in this case on the issue of sealing any portion of the evidentiary hearing proceedings and transcript. The parties have briefed the issues. The court finds oral argument unnecessary.

        Petitioner challenges the <u>Osband</u> ruling on a number of grounds. This court considered many of those grounds when it issued the <u>Osband</u> order. It will not reconsider them here. Petitioner makes a number of new arguments, most of which are stated with little or no analysis. This court finds none of those new arguments sufficient to require reconsideration of

1

the Osband order. Two new arguments do, however, merit discussion.[1] They are addressed below.

I. Petitioner's Challenges to Osband Order

    A. Consideration of Procedures to be Employed During Hearing

Petitioner repeatedly raises the question of what procedures should be employed during the upcoming evidentiary hearing. Unfortunately, he also repeatedly misrepresents what happened in Osband. In Osband, this court "specifically found the protective order applicable only to the discovery proceedings but recognized that some information disclosed during hearing might still require confidentiality. The court made clear on the first day of the hearing that 'at least a narrow area of testimony and evidence . . . could be properly sealed, and that would be evidence that would create prejudice on any retrial.'" Osband, June 13, 2008 Order at 2. For the evidentiary hearing, the court originally "required the parties to cluster questions that might bring out protected information, make an off the-record proffer showing what protected evidence might

/////

/////

/////

---

[1] During the October 7, 2008 status conference, petitioner stated he intended to file a supplemental brief regarding the effect of new Federal Rule of Evidence 502 on the sealing issue. The court indicated it would carefully consider new Rule 502 before issuing this order. The court now finds Rule 502 inapplicable. It protects parties to litigation against the inadvertent disclosure of privileged information. The Senate Report on the proposed rule change made clear that the bill was intended to remedy waiver of a privilege due to an inadvertent disclosure of information, in the context of increasingly electronic discovery. "The bill provides a new Federal Rule of Evidence 502 to limit the consequences of inadvertent disclosure, thereby relieving litigants of the burden that a single mistake during the discovery process can cost them the protection of a privilege. It provides that if there is a waiver of privilege, it applies only to the specific information disclosed and not the broader subject matter unless the holder has intentionally used the privileged information in a misleading fashion. An inadvertent disclosure of privileged information does not constitute a waiver as long as the holder took reasonable steps to prevent disclosure and acted promptly to retrieve the mistakenly disclosed information." S. Rep. No. 110-264, at 3 (Feb. 25, 2008). There is no question in the present case that petitioner has waived privileged and protected information relevant to the claims in his federal petition. The issues here involve the limits on that waiver. See July 9, 2008 Tentative Ruling at 15.

be adduced, and show a compelling need to close that portion of the hearing." Osband, Oct. 22, 2007 Order at 1. However, the court later concluded,

> [i]n practice, this procedure was difficult to implement in part because the natural flow of questions resulted in only some questions adducing potentially protected information and in part because counsel could not always predict whether an answer would contain protected information. As a result of these difficulties and due to the lack of public interest in attending the hearing, the hearing was closed and the transcript ordered temporarily sealed during the testimony of petitioner's trial attorneys. . . .

Id. Contrary to petitioner's characterization, the difficulties in implementing the procedures had nothing to do with the requirement that petitioner show prejudice from revelation of information.

Because the evidentiary hearing in this case is scheduled to resume on November 3, the court recently held a telephonic conference to discuss with the parties how best to conduct the hearing. Because petitioner's counsel has informed the court that he will challenge this order, as the petitioner has done in Osband, and because it is highly unlikely the issue will be resolved by the district judge in that case prior to the November 3 evidentiary hearing in this case, resolution of these procedural issues is necessary to protect all interests pending a final decision from the district judge.[2] It is important to note, however, that petitioner's focus on procedures in his briefing on the sealing issue confuses the point. As respondent points out, petitioner simply skips "the essential issue, i.e., what part of the adjudicative record on which the Court's decision concerning habeas claims is based may be sealed from public access." Resp't's Aug. 5, 2008 Response to Pet'r's Opening Br. at 4. Ideally, the method of taking testimony should be decided after establishing the legal contours of the parties' rights in the context of the presumptively public nature of court proceedings. Further, the method of taking testimony must be decided on a witness-by-witness basis, taking into account whether credibility issues must be resolved by the court.

---

[2] The court addresses these scheduling issues in an accompanying order.

In arguing for blanket sealing, petitioner references procedures employed by the court in a case out of the Central District of California, Medina v. Ayers, CV 94-1892 RSWL. He points out that the court in Medina assumed that a previously entered protective order continued in effect at the time the court issued its final ruling.[3]  Medina, June 16, 2008 Order at 2.  The court found the protective order overbroad, however, because it applied to everything produced to the respondent from the petitioner's trial counsel's files.  Therefore, the court narrowed its scope to only matters covered by the attorney/client privilege or work product protections.  As the court recognized, however, "the vast majority of the material contained in trial counsel's files or the information disclosed in counsel's deposition" was already obtained by respondent "outside of the discovery process."  Id. at 3, 4.  Most of this material was made public in Medina when it was filed in the public record.  A review of the docket in that case shows that, while the evidentiary hearing was held by deposition and declaration, the exhibits as well as both parties' post-evidentiary hearing briefs were filed in the public file.  There is no indication anything was redacted based on the protective order or that the protective order was discussed in any way during the submission of evidence.  Therefore, the district court unsurprisingly assumed that very little, if any, information contained in its final order would be subject to sealing.

While, as petitioner points out, some previously protected information has been made part of the public file in the present case, there is still a question about taking the testimony of trial personnel and admitting the related exhibits.  This court recognizes that the Medina court did find the protective order issued during discovery applicable at the time of its final order.  However, the present case is in a very different posture than that confronting the court in Medina.  The court in Medina does not appear to have been faced with the prospect of sealing significant

/////

---

[3] Petitioner cites Medina as support for his argument that the court should not require a showing of prejudice upon retrial to keep information from public view.  It is important to note that the court in Medina made its ruling without input from the parties and without apparent consideration of any public right of access.

portions of its final opinion, did not consider public access issues, and received no input from the parties before making its decision.[4]

      B.  Reaching First Amendment Issue

The new argument made by petitioner here is that the court should decline to reach a constitutional question when it has a common law basis upon which to rule. Petitioner relies primarily upon Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Lujan, however, is inapposite. In Lujan, the Court addressed whether the parties in that case had standing to raise particular claims; First Amendment access to the court proceedings was not at issue. Petitioner argues that only if someone is standing at the courthouse door demanding access may the court then consider whether the First Amendment requires a public proceeding. Lujan does not support such a proposition. Petitioner further claims this court should somehow consider that "[n]o one has asserted an interest in attending the hearing in this case." Pet'r's July 21, 2008 Resp. to Tent. Ruling at 13. The interest, or apparent lack thereof, in attending a hearing should not be the standard for determining how that hearing will be conducted.[5] Rather, the court may raise the issue of public access on its own; this court sees its role of providing for the public's access as one of its duties. See Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178

---

[4] Petitioner recently filed a supplemental brief that discusses a second case from the Central District of California. In Allison v. Ayers, CV 92-06404 CAS, the district judge signed a stipulated protective order which, among other things, required sealing of all information discovered from trial counsel's files and sealing of "any testimony by Petitioner, trial counsel, and any trial defense team member." Dec. 26, 2007 Order at 3. The order does not address how the sealed information will be addressed in any merits rulings of the court. A review of the Allison docket shows that part of the evidentiary hearing was conducted recently. The minutes indicate, without any reasons, that the transcript of the first day of the hearing was sealed. In addition, deposition transcripts of one trial attorney in the case were lodged under seal. There is no indication from the docket entries that public access issues were raised prior to or during the evidentiary hearing.

[5] This court closed portions of the hearing in Osband because there was insufficient time once the issue was joined to determine a better course and because it did not appear, at the time of the hearing, that any members of the public were interested in attending. An additional problem in Osband was petitioner's attorneys' lack of prior contact with petitioner's trial counsel. In that somewhat unusual situation, petitioner's counsel claimed they did not know how trial counsel might testify, making the procedures proposed particularly difficult to implement.

F.3d 943, 944 (7th Cir. 1999) ("The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it).").

Moreover, the doctrine of constitutional avoidance does not require the court, in weighing the parties' interests in a case like this, to decline to recognize that the First Amendment affords the public's interests greater weight than does the common law. In any event, because this court's First Amendment ruling was an alternate one, there is no reason to recede from it as such.

II. Conclusion

Good cause appearing, IT IS HEREBY ORDERED that, with the addition of the analysis contained in this order, this court adopts the reasoning and conclusions in the June 13, 2008 order issued in Osband v. Ayers, CIV S-97-0152 WBS KJM.

DATED: October 16, 2008.

_____
U.S. MAGISTRATE JUDGE

frye evi seal.or