IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,               No. CIV S-99-0628 LKK KJM

    vs.                         DEATH PENALTY CASE

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

    Respondent.           ORDER

_____/

        Petitioner seeks to expand the record with 35 documents or categories of documents listed at pages 7 to 10 of petitioner's May 15, 2008 Proposal for Record Expansion. Respondent does not object to admission of the following documents: 2-13, 16, 21, 23 and 25. See Resp't's May 22, 2008 Obj. to Docs. Prop. to be Admitted by Pet'r. Respondent objects to admission of the remaining documents under Rule 7, Rules Governing Section 2254 Cases.[1] The

---

[1] Petitioner complains the objections were late. The court notes that the parties' declining to file a joint statement essentially nullified the court's order requiring a joint statement by May 15. Because a joint statement was not filed, the parties should have sought permission to file individual statements, at which point the court could have set up a schedule providing for opening, responsive and, if necessary, reply briefs. In the future, if it becomes clear to the parties, after a timely and diligent effort, that they will not able to prepare a joint statement, they should request leave to file individual briefs.

court addresses admission of these documents below.

## LEGAL STANDARDS

Rule 7 permits expansion of the record with materials that may include "letters predating filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record." Rule 7(b), Rules Governing Sec. 2254 Cases. "The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness." Rule 7(c). Any documents admitted under Rule 7 must be relevant to the claims upon which this court granted an evidentiary hearing or petitioner must otherwise meet the requirements of 28 U.S.C. § 2254(e)(2). See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir. 2005).

## ANALYSIS

I. Documents Regarding Richard Hawk's Legal Troubles

Petitioner's proposed exhibits 1, 14, 15 and 20 involve various legal proceedings against Richard Hawk. Proposed exhibit 1 is the record of the state bar disciplinary proceeding against Hawk, which resulted in a June 1988 order suspending Hawk from the practice of law. Hawk received a deferment of this suspension so he could complete Mr. Frye's trial. Proposed exhibits 14 and 15 are suits brought in the 1970s against Hawk by clients for malpractice. Proposed exhibit 20 contains two affidavits filed in early 1975 in support of Hawk's motion to modify his sentence in what appears to have been a tax case.

Due to the timing of the disciplinary proceedings represented in proposed exhibit 1, it is different from the other exhibits in this category. The California Supreme Court issued an order suspending Mr. Hawk from the practice of law in the middle of petitioner's trial. It appears petitioner was unaware of the suspension proceedings until February 24, 1988, the last day of juror voir dire. The prosecutor brought up the subject because she wanted the court to get a statement from petitioner that he understood his attorney could be suspended during the course of

the trial. RT 19:5253-5254. Petitioner was present in court during this discussion. Iversen told the court that because Hawk had not yet been suspended and because petitioner "has indicated quite strongly that that's the attorney of his choice in this matter" it would be "inappropriate to voir dire Mr. Frye at this point with regard to his feelings." RT 19:5254. The court then simply asked whether or not petitioner wanted to proceed with Hawk. Iversen stated, "He desires to proceed with Mr. Hawk at this time and throughout the trial." RT 19:5255. The judge continued, "Is that correct?" Id. Petitioner responded, "Yes." Id. The disciplinary proceedings are relevant to the ineffective assistance of counsel claims upon which this court granted an evidentiary hearing. They show the overlapping pressures on Hawk during his representation of petitioner as well as Iversen's knowledge of Hawk's misconduct in other cases. In this judge-only proceeding, there is no possibility that, as respondent argues, the prejudicial effect of the evidence in proposed exhibit 1 outweighs its probative value. Proposed exhibit 1 will be admitted under Rule 7.

Proposed exhibits 14, 15 and 20 involve proceedings that preceded, by at least ten years, Hawk's representation of petitioner. Petitioner was taken into custody in 1985. Petitioner alleges Hawk began expressing an interest in representing him around May 1986. Pet'r's July 19, 2004 Mot. for Evid. Hrg. at 15. As this court has stated previously, Hawk's conduct in other, prior cases is not relevant to his conduct in this case. Dec. 1, 2006 Order re Evid. Hrg. at 22-23 n.13. Petitioner relies on Sanders v. Ratelle, 21 F.3d 1446, 1460 (9th Cir. 1994), in support of his argument that an attorney's failure to meet obligations to his clients in prior cases can be relevant to deficient performance. Sanders is inapposite. There, the Court of Appeals relied on the trial attorney's subsequent disbarment for "a course of conduct" spanning eight years, which involved the attorney's "complete indifference to his legal and ethical duties, to the great detriment of his clients." Id. at 1460. In most of those cases, the attorney had done nothing after taking the case. The Court of Appeals found that this record of indifference rebutted the state's argument that the attorney had strategic reasons for failing to investigate. Id. In the present case,

petitioner simply argues that the prior cases show Hawk "overreaching" with clients as he did with petitioner. This shows a vague relationship, if any, between those prior cases and the present one. Further, permitting use of these instances of Hawk's work in prior cases will open the door to rebuttal evidence of his satisfactory work in others. The issues in this case involve just what petitioner's trial attorneys did or did not do to represent him. Absent the sort of specific correlation between Hawk's prior work and his work for petitioner, this court will not permit exploration into Hawk's prior cases.

To the extent petitioner seeks to show Judd Iversen's relationship with Hawk through these exhibits, he may do so during his examination of Iversen in the evidentiary hearing. Accordingly, the undersigned will not expand the record at this time to include proposed exhibits 14, 15 and 20.

II. Proposed Exhibit 17

While respondent states in his introduction that he objects to proposed exhibit 17, he makes no argument addressing that exhibit in his May 22 response. However, because respondent asks that the court accept the May 22 response as a "supplement" to petitioner's May 15 statement, the court will address the objections therein.

The exhibit is a letter from attorney Hamilton Hintz to petitioner's first trial attorney Larry Dixon in which Hintz declines Dixon's request that he be appointed as second counsel. Petitioner states that respondent objected to it on hearsay and relevance grounds. Pet'r's May 15, 2008 Prop. for Rec. Exp. at 5. Petitioner asserts the letter is relevant because it somehow shows Hawk's influence over petitioner. While that point is not clear from the face of the letter, because it was taken from the files of Larry Dixon as petitioner's original trial attorney, and because broad ineffective assistance of counsel claims are the subject of the evidentiary hearing, the court finds no reason to exclude this document from the record in this case.

/////

/////

4

1  Respondent may raise his hearsay objection later if petitioner uses the letter in a way that violates
2  the hearsay rule.[2]

3  III.  Documents re Dr. Hutchinson's Testimony in Other Cases

4            Proposed exhibits 18 and 19 involve the testimony of Dr. Grant Hutchinson in
5  another case.  Respondent argues these documents are not relevant because Hutchinson testified
6  at the competency proceeding, which is not a subject of the evidentiary hearing.  As petitioner
7  points out, that statement does not reflect Hutchinson's full involvement in this case.
8  Apparently, Hutchinson was hired by the prosecution to testify at the guilt and possibly penalty
9  phases.  Petitioner's counsel told the trial court he decided not to put on the testimony of Dr.
10 Linda Wagner based on his review of Hutchinson's testimony in the Trillo case.  Because these
11 documents are relevant to petitioner's claims that counsel was ineffective for failing to
12 investigate and present mental health evidence, they will be admitted under Rule 7.

13           Proposed exhibit 22 is a transcript of Hutchinson's testimony in the Jones case.
14 Petitioner alleges trial attorney Madeline McDowell stated in her declaration that she obtained the
15 transcript of this case as part of her trial preparation.  Pet'r's May 15, 2008 Prop. for Rec. Exp. at
16 6-7.  The court's review of Ms. McDowell's declaration shows no such assertion.  Instead, Ms.
17 McDowell stated, in pertinent part, "According to my notes and correspondence in the file, Mr.
18 Simmons provided us with a transcript of Dr. Hutchinson's testimony in People v. Trillo.  We also
19 learned that Dr. Hutchinson had testified in People v. Jeffrey Jones.  Dr. Peal also testified in that
20 case, and saw Jo Graves there observing the proceedings."  June 23, 2004 Decl. of Madeline
21 McDowell, Ex. 3 to Pet'r's June 19, 2004 Mot. for Evid. Hrg., at 8.  It is not clear from petitioner's
22 motion to expand the record that the transcript from the Jones case was found in petitioner's trial
23 counsel's files or that Ms. McDowell reviewed it.  If it was in the files, then it is relevant to the

---

[2] Petitioner states that "the hearsay objection cannot lie in these proceedings" because Habeas Rule 7 and Rule of Evidence 1101(e) somehow make "letters predating the filing of the petition" automatically admissible without regard to evidentiary objections.  Those rules do not establish any such automatic admissibility.

5

evidentiary hearing claims and may be admitted. If it was not, petitioner must make some additional showing of relevance.

IV. Documents involving Family Members

Proposed exhibits 24 and 26 through 35 are institutional records, such as criminal records and divorce records, regarding members of petitioner's family. Respondent objects to these exhibits on relevance grounds and under Federal Rule of Evidence 403 because they will have a "tendency to confuse the issues." Because these are institutional records that, according to petitioner, were relied upon by his experts, they are relevant and will be admitted under Rule 7. Whether or not they would have been admissible at trial has little, if any, bearing on their relevance to the ineffective assistance of counsel and other claims that form the basis of the evidentiary hearing. Further, as stated above, in a judge-only proceeding such as this, the possibility for confusion and prejudice against which Rule 403 is designed to protect is not an issue.

Good cause appearing, IT IS HEREBY ORDERED as follows:

1. Petitioner's May 15, 2008 request to expand the record is granted in part and denied in part.

2. Consistent with the stipulation of the parties and Rule 7, Rules Governing § 2254 Cases, petitioner's proposed exhibits 2-13, 16, 21, 23 and 25 are admitted.

3. For the reasons stated above, petitioner's proposed exhibits 1, 17-19, 24 and 26-35 also are admitted under Rule 7.

4. The remaining proposed exhibits 14, 15, 20 and 22 are not admitted at this time.

DATED: October 21, 2008.

_____
U.S. MAGISTRATE JUDGE

frye expand record.or