IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,               No. CIV S-99-0628 LKK KJM

    vs.                           DEATH PENALTY CASE

ROBERT L. AYERS, Jr.,
 Warden of San Quentin
 State Prison,

    Respondent.            ORDER

_____/

        On October 28, 2008 the undersigned held a pre-evidentiary hearing conference. Tivon Schardl and Jennifer Corey appeared for petitioner. Maggy Krell appeared and Wanda Rouzan participated telephonically for respondent. Prior to the conference, the parties submitted a joint statement in which they stipulated to: (1) modification of the schedule for some pre-evidentiary hearing matters and for taking testimony by deposition, (2) expansion of the record, (3) the scope of some expert witness testimony; and (4) the identity of witnesses whose testimony will be taken in court after the sealing issue is resolved. The parties also describe briefly disagreements on the scope of the testimony of other experts.

/////

/////

1

After considering the parties' October 24, 2008 Joint Statement and the argument of counsel, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The date for filing motions in limine is extended to October 31, 2008; oppositions shall be filed by November 7; and a second pre-hearing conference to hear arguments on motions in limine and discuss any additional pre-hearing issues is set for November 12, 2008 at 10:00 a.m. in courtroom #26.

2. Respondent is granted a one-day extension, to November 7, 2008, to respond to petitioner's request for reconsideration, which will be filed no later than October 30, 2008.

3. The date for the parties to begin taking testimony of expert witnesses by deposition is rescheduled for November 19 and 20, 2008, on which dates Dr. Jeff Victoroff will testify, followed by Marilyn Cornell on November 24 and 25, followed by Dr. Mark Cunningham on December 8-10, and Dr. Myla Young on December 10-12.

4. The parties may schedule the deposition testimony of Dr. Reese Jones at a mutually convenient time in December, if possible, due to the understanding that one of respondent's counsel will not be available after December.

5. The testimony of all defense trial personnel and the State's non-expert witnesses shall be heard after resolution of the sealing issue. The court accepts petitioner's definition of "defense trial personnel" as comprising Judd Iversen, Madeline McDowell, Therese Waller, Gary Bricker, John Phillipsborn, James Thomson, Rod Harmon, Larry Dixon and Craig Haney. The state's non-expert witnesses are Jo Graves, Larry Dixon and three witnesses who may be called to authenticate documents if necessary. The court previously agreed to hear the testimony of Mr. Iversen, Ms. McDowell, Ms. Waller, and Mr. Bricker in court. Oct. 16, 2008 Order (doc. #359). While the court continues to prefer that other witnesses whose credibility will not be an issue testify by deposition rather than in court, it is willing to hear the live testimony of those witnesses identified in this paragraph if necessary; final decisions about how the remaining

witnesses will testify can be addressed after the sealing issue is resolved.

6. The record is expanded to include petitioner's exhibits 50A, 50B and 50C and respondent's exhibits A, F and N.[1] Respondent proposed expansion of the record in his May 15, 2008 Witness and Exhibit List. As discussed at the conference, petitioner may respond to the remaining expansion proposals in any motion in limine filed pursuant to the schedule set out above in paragraph 1.

7. Pursuant to the parties' stipulation under Federal Rule of Evidence 702:

    a. Dr. Jeff Victoroff, M.D., is qualified to offer expert opinion testimony in the areas of neurology and psychiatry;

    b. Dr. Myla Young, Ph.D., is qualified to offer expert opinion testimony in the areas of neuropsychology and psychology;

    c. Dr. Mark Cunningham, Ph.D., is qualified to offer expert opinion testimony in the area of psychology; and

    d. Dr. Reese Jones, M.D., is qualified to testify to expert opinions in the areas of psychiatry and psychopharmacology.

8. The parties intend to submit a timeline as a joint demonstrative exhibit. If the parties are able to stipulate to such a timeline, the court will accept and admit it as such.

9. On October 23, 2008 petitioner filed a proposed protective order to govern the exchange of exhibits with respect to the deposition testimony scheduled above. By the close of business on October 30, 2008, respondent shall file any response.

DATED: October 30, 2008.

_____
U.S. MAGISTRATE JUDGE

frye pre evi hrg.or

---

[1] The parties stipulate that the trial record lodged herein "is part of the record that may be referred to and relied upon by the Court and parties during the evidentiary hearing and when the Court adjudicates Petitioner's claims." Because this court already considers the trial record part of the record in this habeas action, an order expanding the record to include it is not necessary.