IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY GRANT FRYE, | |
|     Petitioner, | No. CIV S-99-0628 LKK KJM |
|     vs. | DEATH PENALTY CASE |
| ROBERT L. AYERS, Jr., Warden of San Quentin State Prison, | |
|     Respondent. | ORDER |

On October 16, 2008, this court issued an order regarding the sealing of evidentiary hearing testimony and transcripts. Petitioner has informed the court that he intends to seek reconsideration by the district judge of this order. To protect petitioner's interests until the sealing issue is finally resolved, and to permit the parties to proceed with the evidentiary hearing depositions described in the court's October 16 and 31 orders, the court issues the following protective order. Until a subsequent order issues from this court, this protective order shall govern the exchange of exhibits and future proceedings in this action that mention those exhibits. Unless and until a subsequent order issues, this order shall continue in effect after the conclusion of these habeas corpus proceedings.

/////

After considering petitioner's October 23, 2008 Proposed Protective Order and respondent's October 30 response, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The following procedures apply to exhibits identified by Petitioner in his privilege log filed October 10, 2008 (Doc. 358-2).

2. Each page of the exhibits produced to the State shall be marked with the same consecutive page number used during prior discovery.  Following entry of this order, Petitioner shall serve on counsel for the State the exhibits identified in his October 10 privilege log.

3. The State shall keep sealed and confidential all of the materials listed in Petitioner's October 10 privilege log that are disclosed as part of Petitioner's exhibits binders, and all information contained therein or derived therefrom.  Except as provided below, none of these materials, statements, testimony or information shall be revealed to any person other than counsel for the State and persons working under their direct supervision in connection with these habeas corpus proceedings (including investigators, agents, and experts) without prior authorization of the court ordered on motion pursuant to fifteen days' notice filed under seal and served on counsel for Mr. Frye.  Except with such prior authorization, none of the materials, statements or testimony and no information contained therein or derived therefrom shall be used in any way or for any purpose except in connection with the litigation of the claims presented in the petition for writ of habeas corpus pending before this court.

4. All documentary evidence included within the items listed in Petitioner's October 10 privilege log shall contain the Bates-stamped numbers referred to in Paragraph 2 above, in order to facilitate reference to such documents in this and any future proceedings.

5. At the conclusion of these habeas corpus proceedings, the State shall file with the court and serve upon counsel for Petitioner a list of the names of all persons to whom it has revealed any of the materials listed in Petitioner's October 10 privilege log, or any

1  information contained therein or derived therefrom.

2        6.    No document identified in Petitioner's October 10 privilege log, and no
3  testimony or recorded statement containing information contained in or derived from such a
4  document, shall be made a part of the public record except upon prior order of the court.

5        7.    Following the preparation of evidentiary hearing transcripts, and after final
6  resolution of the sealing issue described above, the court will order the parties to identify any
7  portions of the transcripts or exhibits that they believe should remain sealed.

8        8.    The court will issue a final order regarding the transcript lines and exhibits
9  that will remain under seal.  Those transcript lines and exhibits, their contents, and any
10 information derived therefrom, shall be sequestered and their use restricted as provided in
11 paragraph 3 above.

12 DATED: November 3, 2008.

_____
U.S. MAGISTRATE JUDGE

23 frye pre evi prot.or