IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY GRANT FRYE, | | |
| Petitioner, | No. CIV S-99-0628 LKK KJM | |
| vs. | DEATH PENALTY CASE | |
| ROBERT L. AYERS, Jr., Warden of San Quentin State Prison, | | |
| Respondent. | ORDER | |
| _____/ | | |

The parties' motions in limine came on for hearing November 12, 2008 before the undersigned. Tivon Schardl and Jennifer Corey appeared for petitioner. Wanda Hill Rouzan appeared for respondent. Upon review of the motions and the documents in support and opposition,[1] upon hearing the arguments of counsel and good cause appearing therefor, the court finds and orders as follows.

---

[1] Petitioner asks the court to disregard respondent's October 31, 2008 Statement Regarding Request to Expand Record because he argues it was filed without court authorization. See Pet'r's Nov. 6, 2008 Objection to the Court Considering the "Statement." Recognizing that there may have been some confusion regarding the order of filings on respondent's request to expand the record and in the interest of hearing all arguments on the issues, the court will consider respondent's October 31 Statement. In addition, the court will consider petitioner's late-filed Opposition to Respondent's Motion in Limine and petitioner's unauthorized November 10, 2008 Reply to Respondent's Opposition to Petitioner's Motion in Limine.

I. <u>Petitioner's Motion to Exclude Testimony of Larry Dixon</u>[2]

  Petitioner moves to exclude the testimony of Larry Dixon and to bar admission of the transcript and CD of respondent's interview of Dixon, exhibits R-1 and R-2. Mr. Dixon was the first attorney appointed by the superior court to represent petitioner at trial. He represented petitioner at his first preliminary hearing but later moved to withdraw. His motion to withdraw eventually was granted and, about one year after Dixon's appointment, Judd Iversen was appointed to replace him. <u>See</u> Dec. 1, 2006 Order at 22. Petitioner makes three arguments that Dixon should not be permitted to testify in these proceedings. Only one has any validity.

  Petitioner first argues that because he does not allege Dixon was ineffective, Dixon's performance is not at issue and his testimony is not relevant to claims 2, 3, 7, 25, 28 and 29. During oral argument on this motion, petitioner added that since he has not alleged Dixon was ineffective, he has not waived attorney/client privilege or work product protections with respect to Dixon. While the court indicated it was not deciding the issue from the bench, it addresses the claim now. Petitioner cites no case law for his novel proposition. The purpose of the doctrine that a party waives attorney/client privilege and work product protection when he raises a claim of ineffective assistance of counsel is fairness to the other side. <u>See</u> <u>Bittaker v. Woodford</u>, 331 F.3d 715, 720 (9th Cir. 2003). The court has granted petitioner's request for an evidentiary hearing on several of his wide-ranging claims of ineffective assistance of counsel. Because Mr. Dixon represented petitioner and, presumably, communicated with Mr. Iverson and Mr. Hawk after they were appointed, it is reasonable to assume he may have information relevant to either petitioner's claims that Iversen and Hawk acted ineffectively or the opposition thereto. Petitioner has waived attorney/client privilege and work product protection for any testimony of Mr. Dixon relevant to the claims at issue in this evidentiary hearing.

---

[2] While most of the parties' requests can be addressed simply in the order clause below, a few require more thorough analysis and are set out here.

1          Petitioner's second argument that Dixon's testimony should be excluded is that
2  the state was somehow required to seek leave to examine Dixon.  The court did not order
3  respondent to seek any such permission and it appears such a requirement would have been
4  inappropriate.  See Wharton v. Calderon, 127 F.3d 1201 (9th Cir. 1997) (district court protective
5  order prohibiting respondent from communicating with witnesses, including the petitioner's trial
6  attorneys, except by deposition held invalid).  The April 7, 2008 Order gave respondent the
7  option of deposing petitioner's trial counsel or conducting a recorded interview with them.  As
8  permitted by the court's order, respondent chose the latter course.

9          Petitioner's third argument does raise a legitimate concern.  The transcript of
10 respondent's counsel's interview with Mr. Dixon shows the tape recorder was turned off and
11 then back on again mid-interview.  It was turned off again at Dixon's request after he was asked
12 a question, after which the recorder was not turned back on again.  Petitioner states the purpose
13 of tape recording the interview was to permit him to know whether Dixon revealed any
14 privileged or protected information.  Pet'r's Oct. 31, 2008 Mtn. in Lim. at 11.  His concern is that
15 a post-interview report is not a good substitute because "memories are imprecise."  Id.  Because
16 the interview took place fairly recently, on April 30 of this year, and the memories of those
17 involved, Deputy Attorney General Maggy Krell, Special Agent David Hordyk, and Mr. Dixon,
18 should still be fresh, the first step to determining whether or how serious a problem has been
19 created by the acknowledged failure to comply fully with the court's prior order is to have each
20 participant submit a statement of what occurred during any periods of their meeting when the
21 tape recorder was not running.  After the court and counsel receive those statements, and after
22 any additional input from counsel, petitioner's motion to exclude or limit Mr. Dixon's testimony
23 will be submitted.

24 II. Petitioner's Motion to Limit Testimony of Dr. Reese Jones

25         Respondent's mental health expert, Dr. Reese Jones, is scheduled to testify by
26 deposition in mid-December.  Petitioner's makes several requests to limit or exclude Dr. Jones's

testimony.[3]  First, petitioner seeks to limit Dr. Jones's testimony to opinions regarding psychiatry.  He contends Dr. Jones is not qualified to testify as an expert in either neurology or neuropsychology.  Respondent contends Dr. Jones has been certified in neurology as well as psychiatry.  As a first step in resolving this question, the court requires more information.  The court will require respondent to file a declaration from Dr. Jones detailing his qualifications to testify in the fields of neurology and neuropsychology, including whether or not he is board-certified in neurology.

   Petitioner next seeks to limit Dr. Jones's testimony to the subject matter of his report and deposition.  That limitation is the standard for all expert testimony in this proceeding.  However, as was made clear during argument on these motions, if the testimony of petitioner's experts exceeds the scope of their reports, Dr. Jones may testify in rebuttal to any subjects outside the scope.

   Finally, petitioner objects strenuously to Dr. Jones's testimony as a whole because he contends respondent violated petitioner's privacy rights when he provided some of petitioner's medical records to Dr. Jones and because he alleges Dr. Jones did not bring to his deposition all of the documents that Jones reviewed before preparing his report.  Again, the court requires more information before resolving these issues.  As noted at hearing, the court will order respondent to submit a declaration from Dr. Jones regarding whether or not he provided petitioner with all documents he reviewed.  In addition, the court will order the parties to narrow the medical documents to a subset of just those not previously disclosed and that petitioner therefore contends were obtained inappropriately by respondent.

/////

/////

/////

---

[3] The court notes that petitioner filed the transcript of Dr. Jones's deposition on November 12, 2008.

Good cause appearing, IT IS HEREBY ORDERED as follows:

1. Respondent's request to expand the record, reflected in his May 15, 2008 Witness and Exhibit List and in his October 31, 2008 Statement Regarding Request to Expand Record, is denied.

   a. Respondent requests expansion of the record with exhibits previously labeled B, K, and L, now identified in respondent's evidentiary hearing exhibit binder as B, D-1, D-2, E-1 and E-2. These exhibits are the declaration of Eric Bryson, and the transcripts and CDs of interviews of Dennis Sherck and Ted McQuinley. This request is denied because, as respondent appears to concede, these documents are no longer necessary because these witnesses have testified by deposition.

   b. Respondent's request to expand the record with the reports of Drs. White and Hutchinson, exhibits G and H (now identified as L and N), is denied on the grounds that these exhibits are already part of the state court record before this court. See Oct. 30, 2008 Order at 3 n.1.

   c. Respondent's request to expand the record with documents from petitioner's C-file and prison health records, exhibits I and J (now identified as O and P), is denied because it is not now apparent that these exhibits are relevant to the evidentiary hearing claims.

   d. The parties agree that respondent's request to expand the record with exhibit C, statements of Amador County Jail personnel, is moot because those documents have already been admitted as part of petitioner's motion to expand the record.

2. Petitioner's October 31, 2008 motion in limine is granted in part and denied in part.

   a. Petitioner's motion to exclude exhibits F-1, F-2, I, W-1, W-2, FF, FFF-1, and FFF-2 is granted. These exhibits are not relevant to the current evidentiary hearing claims.

1  b. Petitioner's motion to exclude exhibit Q, a print-out of pages of a website about petitioner, is granted.  The court finds exhibit Q is hearsay and is not relevant because it is unauthenticated.  Respondent will be permitted to ask witnesses only whether they have knowledge that petitioner authored the website reflected in exhibit Q.

c. Consideration of petitioner's motion to exclude the deposition testimony of Eric Bryson is deferred until the court has had an opportunity to review Mr. Bryson's deposition, which was filed on November 13, 2008 as this order was being finalized.

d. Petitioner's motion to limit the testimony of Jo Graves is granted.  As this court has ordered previously, Ms. Graves' testimony "is limited to her perceptions relevant to claim[s 2, 3, 7, 25, 28 and 29]." Aug. 22, 2008 Order at 2.

e. With respect to petitioner's motion to exclude the testimony of Larry Dixon and the transcripts and CD of an interview of Mr. Dixon, exhibits R-1 and R-2, the court requires statements from Deputy Attorney General Maggy Krell, Special Agent David Hordyk and Attorney Larry Dixon detailing any conversations or statements made during their meeting on April 30, 2008 when the tape recorder was not running.  By November 21, 2008, respondent's counsel shall secure statements from Ms. Krell and Mr. Hordyk, send those statements to the chambers of the undersigned and send a copy of those statements to petitioner's counsel.  Also by November 21, Mr. Dixon shall submit his statement directly to the Chambers of the Hon. Kimberly Mueller, United States District Court, 501 I Street, Sacramento, CA 95814.  The court will provide copies of Mr. Dixon's statement to counsel for respondent and counsel for petitioner.  The Clerk of the Court is directed to serve this order by United States mail upon Larry Dixon, Esq., P.O. Box 995, Jackson, CA 95642.  After receipt of these statements, the court will give the parties an opportunity to respond.

f. By November 21, 2008, respondent shall file a declaration from Dr. Reese Jones stating whether he provided petitioner's counsel all documents that he reviewed before preparing his report and detailing his qualifications to testify in the fields of neurology and

neuropsychology, including whether or not he is board-certified in either field.  If necessary after that, the court will seek further briefing on the issue of Dr. Jones's qualifications to testify.

        g.  After conferring with counsel for respondent, by November 19, 2008, petitioner shall file a stipulation identifying only those documents petitioner contends Dr. Jones was provided in violation of petitioner's privacy rights and that he could not have obtained through independent means.

        h.  Petitioner seeks to limit the questioning of trial counsel to prevent questions about what counsel might have done with different information.  This broad limitation is too vague to order at this time and it is not clear from the authority petitioner cites that it is appropriate.  The court will address any objections to individual questions as they arise during the evidentiary hearing.

    3.  Respondent's October 31, 2008 motion in limine is denied.  The court will not exclude the testimony of social historian Marilyn Cornell or Dr. Cunningham.  Respondent's arguments go to the weight of these witnesses' testimony, not to its admissibility.  In addition, respondent's motion to limit the testimony of Craig Haney is denied because, as petitioner has confirmed, Dr. Haney is being offered to testify as a percipient witness, not as an expert.

DATED:  November 13, 2008.

                                                  _____
                                                  U.S. MAGISTRATE JUDGE

frye mtns in lim.or.