IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,               No. CIV S-99-0628 LKK KJM

    vs.                         DEATH PENALTY CASE

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

    Respondent.            ORDER

_____/

        Petitioner's November 17, 2008 motion to compel came on for hearing January 7, 2009 before the undersigned.  Tivon Schardl and Jennifer Corey appeared for petitioner.  Wanda Rouzan appeared for respondent and Mark Harris appeared for the California Department of Corrections and Rehabilitation ("CDCR").

        Petitioner moves to compel the production of probation reports from CDCR.  The court found good cause for production of probation reports in support of petitioner's claim 37 in a March 22, 2004 order, which was upheld by the district judge in a July 27, 2004 order.  In light of the discussion with counsel that transpired during hearing, it is necessary to review both the background to petitioner's motion as well as the law governing a discovery motion in a habeas corpus case.

1

The March 22, 2004 order set out a three-step procedure for conducting this discovery:

> Step 1. Obtain computerized data from respondent on all first-degree murder, second-degree murder, and voluntary manslaughter cases in California from 1978 to the present with the information necessary to create a representative sample. . . .
>
> Step 2. Based on analysis of the computerized data, identify and obtain 120 probation reports to enable experts to predict the percentage of reports that have sufficient information to determine: (a) whether the case is a "factual first degree murder case;" and (b) whether there was evidence to support a special circumstance finding.
>
> Step 3. Using the percentage created in step 2, obtain enough probation reports to arrive at a random sample of 700 useable probation reports.

Mar. 22, 2004 Order at 3-4. No one contends this is not the procedure for the discovery on claim 37. Additionally, petitioner has informed the court previously, and there appears to be no dispute, that steps 1 and 2 have been completed. See, e.g., Pet'r's Nov. 26, 2007 Mot. to Compel at 2 ("The parties have completed phases one and two of the discovery plan."). In his November 2007 motion to compel, petitioner contended that CDCR had produced a number of probation reports but had withheld many reports for various, inadequate reasons. Counsel for CDCR represented to the court at that time "that CDCR will continue to produce the probation reports requested by petitioner's counsel and will not withhold reports due to confusion regarding case numbers or the lack of an address for a Notice to Consumer." Thus, the court granted the motion to compel only "to the extent it requests a deadline for discovery" and directed CDCR "to comply with all discovery permitted by the court's March 22 and July 27, 2004 orders by July 31, 2008." Jan. 10, 2008 Order at 1-2. The court does not recall, and it does not appear from a review of the court's docket, that anyone has raised any issues about the discovery on claim 37 since the January 2008 order was issued, until now.

One threshold problem with petitioner's motion is timeliness. Petitioner waited until less than three weeks before the discovery deadline to seek 471 probation reports from

1  CDCR.  Unsurprisingly, given the nature of the request, CDCR was unable to comply by the July
2  31 deadline.  Petitioner then waited over three months to file the present motion despite the fact
3  he also seeks compliance with requests for production of reports that preceded the July 14
4  request and also seeks compliance generally with the January 10, 2008 order.  The court stated
5  previously that it expects "any disputes regarding [claim 37] discovery to come before the court,
6  by written motion, as soon as they are apparent."  Oct. 4, 2004 Order at 1.  While it appears
7  petitioner's counsel has made some informal attempts to resolve his concerns with respect to his
8  position that CDCR has failed to produce reports, he does not explain sufficiently why he waited
9  until now to file the present motion.

10  A second problem with petitioner's motion is that, for reasons that are entirely
11  unclear and despite petitioner's counsel's agreeing during oral argument that Local Rule 37-251
12  should – and indeed does – apply to this case, petitioner has not provided the court with specific
13  information to support his motion.  The court does not have before it petitioner's requests for
14  production; it does not have any responses from respondent or CDCR; it does not have the
15  parties' correspondence addressing what has and has not been produced.[1]  While the court has
16  not in the past sought compliance in this case with the joint statement requirement of Rule 37-
17  251, the rule is clear that a motion to compel requires that "[e]ach specific interrogatory,
18  deposition question or other item objected to, or concerning which a protective order is sought,
19  and the objection  thereto, shall be reproduced in full."  The wisdom of the policy reflected in the
20  rule is illustrated by the present circumstances: the court cannot compel respondent to do
21  something when it does not know what that something is.

22  An additional, more essential problem is that petitioner has not provided the court
23  the most basic information regarding the status of discovery on claim 37.  At hearing petitioner

---

25  [1] Petitioner's counsel mentioned several times that in September of last year he provided
    CDCR with a spreadsheet of all missing discovery.  Petitioner has not provided the court with
26  that information, however.

3

was unable to advise the court of the result of step 2 of the discovery plan – "the percentage of reports that have sufficient information to determine: (a) whether the case is a 'factual first degree murder case;' and (b) whether there was evidence to support a special circumstance finding." The total number of probation reports discoverable under step 3 is based on this determination, as is clear from the March 22, 2004 order. Nevertheless, petitioner's counsel appears to believe that the March 22, 2004 order, read in conjunction with the January 10, 2008 order, gave petitioner carte blanche to seek as many probation reports as his experts tell petitioner's counsel they need without even the simplest of justifications.

It should go without saying that because this is a habeas corpus case petitioner only has a right to discovery based on a finding of good cause. Rule 6, Rules Governing Section 2254 Cases. The good cause finding made in the March 22, 2004 order gave petitioner the right to conduct discovery based on the three-step plan memorialized in that order. The January 10, 2008 order did not direct CDCR to comply with any request petitioner made; it directed CDCR to comply with the discovery ordered on March 22, 2004.[2]

While the court could simply deny petitioner's motion based on delay and failure to comply with applicable rules, it recognizes that such a determination would not move this case forward. Instead, as indicated at hearing, the court will order petitioner to produce additional information in support of his motion to compel and will resolve the motion after that information is received.

/////
/////
/////

---

[2] For this reason, petitioner's attempt to automatically impose standard discovery rules on this proceeding is not necessarily apt. If petitioner did not have the right to seek production of those documents in the first place, then respondent did not necessarily have the obligation to file a request for a protective order in opposition to the production request. Fed. R. Civ. P. 37(d)(2). Petitioner's failure to provide any documentation of his requests or respondent's responses, or lack thereof, is a further hurdle to application of Rule 37 as petitioner requests.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. By January 16, 2009, petitioner shall file a declaration or declarations that answer the following questions:

    (i) What is "the percentage of reports that have sufficient information to determine: (a) whether the case is a 'factual first degree murder case;' and (b) whether there was evidence to support a special circumstance finding," derived through step 2 of the discovery plan set out in the March 22, 2004 order?

    (ii) Based on that percentage, what is the total number of reports required "to arrive at a random sample of 700 useable probation reports?"

    (iii) How many total probation reports has petitioner received through discovery in this case?

    (iv) How many total probation reports has petitioner received from the discovery conducted in the <u>Ashmus</u> case? How many of those reports are "useable" as defined in step 3 in this case?

    (v) How many additional probation reports does petitioner believe he will require to complete the discovery plan set out in the March 22, 2004 order?

2. Also by January 16, 2009, petitioner shall provide the court with a copy of the specific requests with which he wishes the court to compel CDCR's compliance and a statement of CDCR's responses to date to those requests.

3. To the extent either party seeks the court's resolution of a discovery dispute in the future, that party shall comply with Local Rule 37-251 in its entirety.

DATED: January 8, 2009.

_____
U.S. MAGISTRATE JUDGE

frye narrowing disc.or