IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,

vs.

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

    Respondent.
_____/

No. CIV S-99-0628 LKK KJM

DEATH PENALTY CASE

ORDER

        The court has received the information necessary to resolve petitioner's November 17, 2008 motion to compel production of probation officer reports ("PORs"). Petitioner seeks the California Department of Corrections and Rehabilitation's ("CDCR") compliance with discovery permitted by the court's March 22 and July 27, 2004 orders. The court originally was unable to resolve petitioner's motion because it lacked identification of precisely what information petitioner sought from respondent. See Jan. 9, 2009 Order at 3. Further, petitioner's counsel had not explained how the discovery sought complied with that permitted by the 2004 orders. Id. at 3-4. The court provided petitioner two opportunities to supplement his motion. See id. at 5; Feb. 6, 2009 Order at 1-2. He has done so. Jan. 16, 2009 Decl. of T. Schardl (Schardl Decl.); Jan. 30, 2009 Supp. Decl. of T. Schardl (Supp. Schardl Decl.); Feb. 9, 2009

1

Spreadsheet Identifying Non-produced Probation Reports. Petitioner shows that, according to the formula set out in the court's March 22, 2004 order, he will require 1820 PORs, at a minimum, and 2000 PORs, at most, in order to reach his court-approved goal of 700 useable PORs. Schardl Decl. at 2:11, 10:19-21. His motion to compel seeks production of the 472 PORs listed in petitioner's July 14, 2008 Request for Production as well as 92 PORs that he previously requested from CDCR, and identified to CDCR in a September 2008 spreadsheet, but either were not provided or were incomplete.[1] Petitioner states that as of mid-January he had received from CDCR 923 useable reports. Schardl Decl. at 8:17-18 (953 PORs provided, of which 30 were defective and not useable). He also states he received approximately 320 useable PORs from counsel in the Ashmus case. Id. at 4:1, 10-11. Finally, he states he just recently received 22 of the 92 PORs listed in the September 2008 spreadsheet. Mar. 3, 2009 Pet'r's Reply to State's Decl. at 2:23-24. Assuming these calculations are correct, then, by his own count, petitioner currently possesses 1265 useable PORs.[2]

As permitted by the court's February 6 and 24, 2009 orders, respondent filed a response to petitioner's January 16 and 30, 2009 declarations and petitioner filed a reply. Feb. 18, 2009 Decl. of P. Sholberg in Opp'n to Mot. to Compel (Sholberg Decl.); Mar. 3, 2009 Pet'r's Reply to State's Decl. Along with the Declaration of Ms. Sholberg, CDCR filed a spreadsheet listing the 92 PORs from the September 2008 spreadsheet petitioner contends respondent failed

---

[1] On January 16, 2009, petitioner filed his July 14, 2008 Request for Production under seal, as permitted by the April 19, 2004 protective order. While this request for production is dated July 11, 2008, it was, according to petitioner, served on July 14 and will be referred to by its date of service. Petitioner states there were "approximately" 97 previously requested PORs in the September 2008 spreadsheet but that respondent identifies 92. Compare Schardl Decl. at 7:24-25 with Sholberg Decl. at 1:25. In his reply, petitioner does not contest that 92 is the correct number. While the court appreciates the difficulty in keeping track of respondent's piecemeal provision of PORs, precise information is necessary in order to compel CDCR to do something. For purposes of this order, the court will assume that the 92 PORs identified in the attachment to the Declaration of Paula Sholberg are those petitioner seeks.

[2] For reasons the court does not understand, the parties have declined to set out the numbers in clear fashion or do the simple math themselves. The court thus has attempted to do both.

to submit entirely or that were incomplete when submitted. In his reply, petitioner confirmed that CDCR has provided petitioner's counsel with 22 of those reports.[3] Ms. Sholberg has represented that 63 PORs requested could not be found. With respect to the remaining seven PORs, Ms. Sholberg identifies two as unreadable and four as incomplete, and states that one POR petitioner's counsel has identified as incomplete is, in fact, complete.[4] Sholberg Decl. at 6:11-14.

At this point, although it is not clear from his March 3 reply, it appears petitioner seeks production of the 472 PORs listed in petitioner's July 14, 2008 request for production. In other words, it appears that all available PORs sought in prior requests, and through the informal contacts beginning with petitioner's provision to CDCR of the September 2008 spreadsheet, have now been provided to petitioner. Petitioner's request for the 472 PORs is reasonable and within the scope of the March 2004 discovery plan. If petitioner receives all 472 PORs, and all are useable, he should have a total of 1737 PORs, still less than his 1820 minimum.

Petitioner also requests "monetary sanctions" for CDCR's failure to respond. Due to petitioner's last-minute request for a large number of PORs, this court does not necessarily agree it was CDCR's responsibility to seek an extension of the court's July 2008 deadline for submission of all PORs. Nonetheless, there is no question that CDCR has not provided PORs in a timely fashion. Accordingly, the court will consider the imposition of sanctions following the submission of supplemental filings as ordered below.

/////

/////

---

[3] On March 4, petitioner filed a notice of erratum to correct a statement in the March 3 reply that CDCR had not produced any PORs that are the subject of the motion to compel. Petitioner in fact made that statement in his reply more than once. See Pet'r's Reply to State's Decl. at 1:26-27; 2:10-11; 4:5. The court will disregard all those statements.

[4] This one POR is presumably one of the 30 petitioner identified as produced but unuseable, Schardl Decl. at 8:17-18, putting petitioner's total useable reports received at 1266.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. To the extent petitioner's November 17, 2008 motion to compel seeks production of the 472 PORs listed in petitioner's July 14, 2008 request for production, it is granted. To the extent the motion seeks production of the 92 PORs listed in the attachment to the February 18, 2009 Declaration of Paula Sholberg, the motion to compel is denied as moot.

2. Within thirty days of the filed date of this order, CDCR shall supply petitioner's counsel with copies of all PORs requested in the July 14, 2008 Request for Production or provide a statement that, after a diligent search and reasonable inquiry, certain PORs are not available or are only partly available. CDCR may not refuse to provide PORs based on its inability to notify the subject or due to confusion over case numbers, unless CDCR is completely unable to locate a POR based on that confusion. CDCR also may not refuse to provide PORs based on the burdensome nature of this task, given that it has had the request for production for eight months, more than enough time to respond.

3. Within ten days after CDCR's response is due, petitioner shall inform the court whether CDCR has responded as required in paragraph 2. If CDCR has complied with this order, then petitioner shall inform the court of the time he needs to determine whether any additional PORs will be required. If CDCR has not complied with this order, petitioner shall provide a copy of any response from CDCR and clarify succinctly what further remedy he seeks.

4. Within thirty days, petitioner's counsel shall file a statement of the reasonable expenses incurred in making this motion. See Fed. R. Civ. P. 37(a)(4). Within ten days of service of such statement, CDCR and respondent may file responses. Within five days of the filing of any responses, petitioner may file a reply.

/////
/////
/////
/////

5. In addition to service of this order upon the parties, the Clerk of the Court is directed to serve it upon counsel for CDCR: Mark H. Harris, Esq., Law Offices of Mark H. Harris, 2207 J Street, Sacramento, CA 95816.

DATED: April 3, 2009.

_____
U.S. MAGISTRATE JUDGE