1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JERRY GRANT FRYE,

11            Petitioner,              No. CIV S-99-0628 LKK KJM

12        vs.                         DEATH PENALTY CASE

13   ROBERT L. AYERS, Jr.,
       Warden of San Quentin
14       State Prison,

15            Respondent.              ORDER

16   _____/

17            Petitioner moves to strike the deposition testimony of Sergeant Eric Bryson.

18   Sergeant Bryson was deposed on August 28, 2008.  At the beginning of his examination of

19   Sergeant Bryson, counsel for petitioner asked whether Bryson had reviewed anything before

20   testifying.  Sergeant Bryson indicated that after he completed his declaration and before testifying

21   at his deposition, he had reviewed personal notes.  Tr. of Aug. 28, 2008 Dep. of Eric Bryson

22   (digest copy filed Nov. 13, 2008) at 11-14.  When Sergeant Bryson informed petitioner's counsel

23   he did not have the notes at the deposition, petitioner's counsel moved to strike Bryson's

24   /////

25   /////

26   /////

testimony under Federal Rule of Evidence 612.  He renews that motion to strike in his October 31, 2008 motion in limine.[1]

Federal Rule of Evidence 612 states:

Except as otherwise provided in criminal proceedings by section 3500 of title 18, United States Code, if a witness uses a writing to refresh memory for the purpose of testifying, either--

(1) while testifying, or

(2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,

an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto. Any portion withheld over objections shall be preserved and made available to the appellate court in the event of an appeal. If a writing is not produced or delivered pursuant to order under this rule, the court shall make any order justice requires, except that in criminal cases when the prosecution elects not to comply, the order shall be one striking the testimony or, if the court in its discretion determines that the interests of justice so require, declaring a mistrial.

Fed. R. Evid. 612.  Petitioner seems to argue he was automatically entitled to review Sergeant Bryson's notes.  However, when a witness reviews notes prior to testifying, Rule 612 requires a court order for their production.  See 28 Charles Alan Wright & Victor James Gold, Federal Practice & Procedure (Evidence) § 6185 (2008) ("where a writing is used to refresh memory before testifying, these rights may be exercised only if the court in its discretion determines it is necessary in the interests of justice" (quotation omitted)); United States v. Sai Keung Wong, 886 F.2d 252, 257 (9th Cir. 1989).  This court did not order production of the notes previously, and

---

[1] In a November 14, 2008 order, the court ruled on petitioner's other requests made in his October 31 motion in limine.  Because a transcript of Mr. Bryson's deposition was not lodged with this court until November 13, 2008, the court delayed ruling on that issue until it had an opportunity to review the transcript.  See Nov. 14, 2008 Order at 6.

petitioner did not seek a court order during deposition; thus, there is no basis upon which to strike Bryson's testimony.  The court will, however, consider whether petitioner should have access to the notes at this time.

Petitioner argues production of the notes is necessary because Sergeant Bryson's recollection of events differs in some respects from the recollection of other officers involved. Respondent does not dispute this characterization of Bryson's recollection.

Because Sergeant Bryson's notes may be relevant to his credibility, because Bryson reviewed them to verify that his statements to respondent's counsel contained in his declaration were accurate, and because Bryson's deposition testimony was based on the information contained in his declaration, this court finds, in the interests of justice, that Bryson's notes should be produced to petitioner.  After petitioner reviews those notes, he may seek further cross-examination of Sergeant Bryson or other appropriate action from the court.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1.  Petitioner's motion to strike the testimony of Eric Bryson contained in his October 31, 2008 motion in limine is denied.

2.  Within twenty days of the filed date of this order, respondent shall provide petitioner's counsel with a legible copy of the notes of Sergeant Eric Bryson to which he refers at pages 11 to 14 of the transcript of his August 28 deposition.  Within twenty days thereafter, petitioner shall file any request for further examination of Sergeant Bryson or other relief.

DATED:  May 4, 2009.

_____
U.S. MAGISTRATE JUDGE