IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,               No. CIV S-99-0628 LKK KJM

    vs.                         DEATH PENALTY CASE

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

    Respondent.          ORDER
_____/

        In a motion in limine filed October 31, 2008, petitioner sought, among other things, to exclude the testimony of attorney Larry Dixon based on respondent's violation of the April 7, 2008 protective order when respondent's counsel interviewed Dixon. The protective order required respondent's counsel to tape- or video- record "the entire interview" of petitioner's trial attorneys. Apr. 7, 2008 Order at 3. Petitioner has stated that the purpose of tape recording the interview was to permit him to know whether Dixon revealed any privileged or protected information. Pet'r's Oct. 31, 2008 Mot. in Limine at 11. It is not contested that Deputy Attorney General Maggy Krell and Department of Justice Special Agent David Hordyk interviewed petitioner's original trial attorney Larry Dixon on April 30, 2008 and that they stopped tape recording the interview at Dixon's request. To determine whether petitioner

1

suffered any harm from this violation of the protective order, the court required Krell, Hordyk and Dixon to submit declarations regarding what occurred after the tape recorder was turned off. Nov. 14, 2008 Order. The parties were then permitted to supplement their briefs regarding petitioner's motion to exclude Dixon's testimony. Feb. 6, 2009 Order. Both parties have done so. Pet'r's Feb. 25, 2009 Supp. Brief in Support of Mot. in Limine; Resp't's Mar. 17, 2009 Further Response to Opp'n to Mot. to Exclude Dixon's Testimony.

The declarations are largely consistent with respect to what Mr. Dixon said while the tape recorder was turned off. They show that Mr. Dixon did not reveal any information protected by the attorney/client privilege or the attorney work product doctrine. In addition, Mr. Dixon's statements during the time the tape recorder was off have no relevance to issues in this proceeding. While respondent's counsel violated the protective order by failing to tape Mr. Dixon's entire interview, petitioner suffered no prejudice as a result. This court declines to impose the sanction of excluding Mr. Dixon's testimony. Future violations of court orders may not be treated with such lenity.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Petitioner's October 31, 2008 Motion in Limine to exclude Mr. Dixon's testimony and bar admission of the recording and transcript of Dixon's interview, proposed exhibits R-1 and R-2, is denied.

2. The Clerk of the Court is directed to file under seal the November 21, 2008 Declaration of Maggy Krell and the December 3, 2008 Declaration of Larry Dixon, both of which were submitted in camera. The November 18, 2008 Declaration of David Hordyk already has been filed under seal. See Nov. 21, 2008 Order. These three declarations shall remain under seal during the course of this and all other federal proceedings.

DATED: May 4, 2009.

frye dixon mtn.or

U.S. MAGISTRATE JUDGE