IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,

vs.

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

    Respondent.

No. CIV S-99-0628 LKK KJM

DEATH PENALTY CASE

ORDER

In an April 6, 2009 order, this court found that the California Department of Corrections and Rehabilitation ("CDCR") had failed to provide discovery in a timely manner and, with respect to some discovery, had not provided it at all. Petitioner's counsel has had to make numerous attempts to obtain compliance with discovery that this court approved years ago. The court indicated its view that a reasonable sanction for CDCR's noncompliance was payment of the reasonable expenses incurred by petitioner's counsel.[1]

/////

---

[1] Because petitioner is represented by the Federal Defender in this case, the court understands those expenses must be estimated, and any amount imposed as a sanction will be paid to the Clerk of the Court.

1

On May 6, petitioner's counsel submitted a statement of counsel's time involved in making the November 17, 2008 motion to compel. Counsel estimated that his time alone was at least 25.5 hours. The time of the paralegal involved in the case and other expenses were not included. Based on the then-current CJA rate of $163/hour for experienced counsel appointed to a capital habeas case, counsel determined that the reasonable expenses incurred in making the motion to compel amounted to at least $4,156.50. Both CDCR and respondent had an opportunity to respond to petitioner's statement of expenses. See Apr. 6, 2009 Order at 4 (response due May 20, ten days after service of statement). As of the date of this order, neither has done so. In addition, neither has challenged this court's initial determination that sanctions are appropriate.

Also in the April 6 order, the court required CDCR to produce all 472 outstanding requested probation officer reports ("PORs") by May 6. In a May 7, 2009 Statement, counsel for CDCR stated that it had either produced or provided notice of unavailability for 405 PORs. For the remaining 67 PORs, counsel stated only that their "production was pending." In a May 20 status report, petitioner's counsel stated he had received 444 responses from CDCR. Petitioner complains that for 47 apparently unavailable PORs, CDCR's counsel failed to "provide a statement that, after a diligent search and reasonable inquiry, certain PORs are not available or are only partly available." Apr. 6, 2009 Order at 4; Fed. R. Civ. P. 26(g)(1). In addition, petitioner lists 20 PORs that have missing pages or are partially illegible and states that 12 PORs are so illegible that they are completely unusable. Pet'r's May 20, 2009 Status Rpt. at 2-3.

Petitioner seeks the following:

1. For the 28 or 29 PORs for which no response has been made, petitioner requests the court find CDCR in contempt, impose monetary sanctions, and order compliance with the April 6 order.[2]

---

[2] As petitioner points out, CDCR's numbers vary, either adding up to 472 or 473 total PORs. It is not clear under which category the possible extra POR falls.

2. For the 20 PORs identified as having missing pages or which are partially illegible, petitioner requests an order directing CDCR to determine whether the POR was produced in the form it is maintained and either produce a complete copy or certify that the copy already provided reflects the original.

3. For the 12 PORs that were unusable and the 28 or 29 for which CDCR provided no response, petitioner seeks replacement PORs. Petitioner states that by June 22 he will file a request for production of replacement PORs.

Good cause appearing, IT IS HEREBY ORDERED as follows:

1. Within twenty days of this order, CDCR shall pay $4,156.50 to the Clerk of the Court in sanctions for the failure to comply with prior court orders on this discovery and in recognition of CDCR's current failure to comply fully with the April 6 order. CDCR is cautioned that further failure to produce the requested discovery could result in further sanctions.

2. Within ten days of the filed date of this order, counsel for CDCR shall provide petitioner's counsel with an appropriate response for the 28 or 29 PORs for which it has made no response. See Apr. 6, 2009 Order at 4; Fed. R. Civ. P. 26(g)(1).

3. Also within ten days of the filed date of this order, counsel for CDCR shall provide petitioner's counsel with a statement regarding the 20 PORs identified as having missing pages or which are partially illegible. That statement shall either certify that, after review of the original POR, the copy provided reflects the original or that a true copy is attached to the statement.

4. By June 22, 2009, petitioner may file and serve a request for production of PORs to replace all PORs that were not provided or were provided but are unusable. CDCR

/////
/////
/////
/////

shall have thirty days from the date of service of that request to provide a complete response, including production of all available PORs requested.

DATED: May 28, 2009.

_____
U.S. MAGISTRATE JUDGE

frye.