IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,                        No. CIV S-99-0628 LKK KJM

    vs.                                DEATH PENALTY CASE

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

    Respondent.                 <u>ORDER</u>

                                 /

          Petitioner moves to strike the testimony of respondent's witness Officer Eric Bryson. The background for the controversy surrounding Bryson's testimony is set out in the court's May 5, 2009 Order. In that order, this court held:

> Because Sergeant Bryson's notes may be relevant to his credibility, because Bryson reviewed them to verify that his statements to respondent's counsel contained in his declaration were accurate, and because Bryson's deposition testimony was based on the information contained in his declaration, this court finds, in the interests of justice, that Bryson's notes should be produced to petitioner. After petitioner reviews those notes, he may seek further cross-examination of Sergeant Bryson or other appropriate action from the court.

May 5, 2009 Order at 3. Respondent was ordered to produce to petitioner a copy of Sergeant Bryson's notes. On June 12, 2009, respondent informed the court that Sergeant Bryson was

1

unable to locate his notes. In response, petitioner moved for a court order striking or disregarding Bryson's testimony or drawing "adverse inferences regarding the uncorroborated subject matter of Sgt. Bryson's testimony." Pet'r's July 2, 2009 Response at 2.

First, it bears noting that Sergeant Bryson testified that he reviewed his notes prior to his deposition testimony but not prior to preparation of his April 24, 2008 declaration. It appears Bryson's declaration is based solely on his memory. Second, Sergeant Bryson's deposition testimony is the same in at least some respects as statements made in his April 2008 declaration.

The Federal Rules of Evidence, applicable here, permit the court to order production of a writing used to refresh recollection prior to testimony. "If a writing is not produced or delivered pursuant to order under this rule, the court shall make any order justice requires. . . ." Fed. R. Evid. 612. To the extent Sergeant Bryson's deposition testimony mirrors statements made in his declaration based on memory, petitioner has not been prejudiced by the failure to produce notes. Of course, petitioner could be prejudiced if the court found Bryson's credibility bolstered by his testimony that he reviewed those notes. The court thus will disregard Bryson's testimony that he reviewed any notes in considering Bryson's credibility.

The court does find it reasonable to think that any materially new information Bryson provided during his deposition could be considered the result of his review of the notes. The court is willing to disregard this information based on respondent's failure to produce the notes.[1] While petitioner asserts that Bryson testified beyond the scope of his declaration, he has

/////

---

[1] The court held previously that Bryson's testimony was "limited to the subjects contained in his August [sic] 24, 2008 declaration." Aug. 25, 2008 Order at 2. It should first be noted that the date of the declaration is a typographical error. Sergeant Bryson's declaration is dated April 24, 2008. In any event, this court's current order to disregard any materially new "information" is potentially broader. If Sergeant Bryson testified to new information that materially adds to information provided in his declaration or exceeds the scope of the declaration, it will be disregarded, regardless of whether the information is covered by the broad subject matter of Bryson's April 2008 declaration.

not identified in his current filings just what information he contends is new.  He will be given an opportunity to do so and respondent will be given an opportunity to respond.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Petitioner's July 2, 2009 motion to strike or disregard the testimony of Sergeant Eric Bryson is granted in part and denied in part.  The court will disregard any testimony given by Sergeant Bryson at his August 28, 2008 deposition that contains new information that materially adds to information provided in Bryson's April 24, 2008 declaration or exceeds the scope of that declaration.

2. Within twenty days of the filed date of this order, petitioner shall identify all testimony given by Sergeant Bryson that falls within the proscription set out in paragraph 1.  Within twenty days thereafter, respondent shall file a response.  Petitioner may file a reply within ten days of the filing of the response.

DATED:  September 10, 2009.

_____
U.S. MAGISTRATE JUDGE

frye bryson testi.or2