IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,                          NO. CIV S-99-0628 LKK-KJM

    vs.                                        DEATH PENALTY CASE

WARDEN, San Quentin State Prison,

    Respondent.                       ORDER

                                       /

        Petitioner is before the court on a petition for habeas corpus under 28 U.S.C. § 2254, seeking relief from his state-court conviction and sentence of death. Petitioner has filed a motion to reconsider two orders issued by the magistrate judge on October 16, 2008 concerning the procedure for sealing portions of evidentiary hearing proceedings and transcript in order to preserve petitioner's attorney-client privilege.

**I. Background**

        On April 7, 2008, the magistrate issued a protective order covering documents produced during discovery for petitioner's ineffective assistance of counsel claim. At that time, the magistrate declined to extend the protective order to cover a scheduled evidentiary hearing. On October 16, 2008, the magistrate issued an order adopting the reasoning and conclusions reached in a June 13, 2008 order issued in Osband v. Ayers, which set out a procedure and standard for sealing portions of the evidentiary hearing record. CIV S-97-0152 WBS KJM. The June 13, 2008

1

Osband order, issued after a closed evidentiary hearing had taken place, required the petitioner to file a statement identifying portions of the evidentiary hearing and exhibits that should remain under seal, and explaining "(a) the relevance of the information he seeks to seal to an issue which may be raised on re-trial, (b) the likelihood that the issue may be raised on retrial, and (c) the prejudice he could suffer should that information be revealed." Osband Order, June 13, 2008, ECF No. 513. The order gave the respondent an opportunity to respond to petitioner's statement, and the petitioner an opportunity to reply. The magistrate would then issue a protective order covering any information deemed to satisfy the three-part test. Petitioner now seeks reconsideration of the magistrate's order adopting the Osband standard for determining which portions of the evidentiary hearing will be sealed.

**II. Analysis**

**A. Standard of Review**

A district judge reviewing a nondispositive order of a magistrate judge must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. Proc. 72(a); 28 U.S.C. 636 (b)(1)(A). The court reviews *de novo* the question of whether the magistrate's order is contrary to law. *Osband v. Woodford*, 290 F.3d 1036 (9th Cir. 2002). In this case, the magistrate's October 16, 2008 order is contrary to the Ninth Circuit's holding in Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003), and must be modified.

**B. Bittaker's narrow waiver rule applies to evidentiary hearings.**

In Bittaker, the Ninth Circuit addressed the question of "the scope of the habeas petitioner's waiver [of attorney-client privilege]: Does it extend only to litigation of the federal habeas petition, or is the attorney-client privilege waived for all time and for all purposes–including the possible retrial of the petitioner?" 331 F.3d 715, 717 (9th Cir. 2003). The court adopted a narrow waiver rule, holding that the waiver implied when a petitioner asserts an ineffective assistance of counsel claim is limited only to the litigation of the habeas claim. The court affirmed the district court's use of a protective order precluding the use of privileged

materials turned over during discovery for any purpose other than litigating the habeas claim. Bittaker directed district courts to "ensure that the party given such access [to privileged materials] does not disclose these materials, except to the extent necessary in the habeas proceeding, i.e., to ensure that such a party's actions do not result in a rupture of the privilege. Id., at 727-28.

The June 13, 2008 Osband order adopted by the magistrate in this case stated that Bittaker addressed only the discovery question, and not the public's access to trial records that contain privileged information. Although the facts in the Bittaker case involved only discovery documents, the language of the decision clearly contemplates that the narrow waiver rule extends to privileged information disclosed throughout litigation of the habeas claim "We can think of no federal interest in enlarging the scope of the waiver beyond what is needed to *litigate* the claim of ineffective assistance of counsel in federal court. A waiver that limits the use of privileged communication to *adjudicating* the effective assistance of counsel claims fully serves the federal interest." Bittaker, 331 F.3d at 722 (emphasis added). The court went on to distinguish between the waiver implied by the court when a habeas petitioner brings an ineffective assistance of counsel claim, and the express waiver that would result from some other conduct by the petitioner, "The courts of California remain free, of course, to determine whether Bittaker waived his attorney-client privilege on some basis *other than* his disclosure during the course of the federal litigation." Id., at 726. The clear implication of this distinction is that any disclosures made throughout the course of federal litigation are subject to a narrow waiver rule, in contrast to disclosures made outside the course of litigation, which give rise to a more broad waiver.

There is, of course, one important factor that distinguishes the discovery phase from the evidentiary hearing phase with respect to protection of the attorney-client privilege; the public has a right of access to trials, which does not exist with respect to discovery documents. In this case, the magistrate issued a protective order that deemed all documents produced during discovery to be confidential. The order limited the use of those documents to the habeas

proceedings, and specifically prohibited use of the documents in the event of retrial. Protective Order, April 7, 2008, ECF No. 251. Because of the public's right of access to trials, a protective order covering the evidentiary hearing will necessarily be more narrow than the magistrate's discovery phase protective order. The protective order covering the evidentiary hearing will only protect information that is actually privileged, and the petitioner has the burden of establishing the elements of the privilege. U.S. v. Martin, 278 F.3d 998 (9th Cir. 2002). However, the protective order for the evidentiary hearing phase need not be so narrow as to only cover those portions of the hearing that meet the Osband test.

**C. The magistrate's requirement that petitioner show a likelihood of prejudice if certain privileged information is revealed is contrary to Bittaker.**

In affirming the district court's protective order covering all privileged information disclosed during discovery, the Bittaker court acknowledged *any* use of privileged information would lead to unfair prejudice against the petitioner, and would give prosecutors and unfair advantage. "If petitioner relies on the protective order by releasing privileged materials and it turns out to be invalid, he will suffer serious prejudice during any retrial." Bittaker, 331 F.3d at 718. Similarly, use by prosecutors of privileged information disclosed during a habeas proceeding would presumptively violate the fairness principle. As the court explained, "allowing the prosecution at retrial to use information gathered by the first defense lawyer–including defendant's statements to his lawyer–would give the prosecution a wholly gratuitous advantage." Id., at 724.

The magistrate's requirement that petitioner meet the three-part standard announced in Osband is contrary to the presumption, expressed in Bittaker, that the use of *any* privileged information on retrial would result in unfair prejudice.

**D. Petitioner's interest in preventing privileged information to be used on retrial justifies maintaining portions of the evidentiary hearing records under seal.**

The Osband order adopted by the magistrate applied the common law, rather than the

First Amendment, standard for sealing evidentiary hearing transcripts and exhibits from public access**.** While a First Amendment right of public access to criminal trials is firmly established, see e.g., Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596 (1982), no such right to hearing transcripts and civil cases is firmly established, as noted in the Osband order. See, e.g. Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (noting that "neither the Supreme Court nor this Circuit has ruled on the issue in the context of a civil trial or records in civil cases.").

Nonetheless, under the common law, there is a presumption of public access to civil proceedings."Yet the common-law right is not of constitutional dimension, is not absolute, and is not entitled to the same level of protection afforded constitutional rights." Valley Broadcasting Co. V. U.S. Dist. Court for Dist. Of Nevada, 798 F.2d 1289, 1293 (9th Cir. 1986). The right of access must be weighed with interests advanced by the parties. Among the interests that would overcome the presumption of access are "the likelihood of improper use, including publication of scandalous ... materials" or "great public embarrassment of a third party." Id. at 1294. At the weightier end of the spectrum of interests that would outweigh the public's common-law right of access is "a defendant's constitutional right to a fair trial," for the protection of which "a court may deny access, but only on the basis of articulated facts known to the court, not on the basis of unsupported hypothesis or conjecture." Id.

In this case, the right of public access to hearing transcripts and exhibits is outweighed by petitioner's constitutional right to a fair trial if he is retried. Because Bittaker acknowledged that any release of privileged information would result in unfair prejudice to the petitioner on retrial, the fact that a portion of the hearing records contain privileged information is an adequate basis for denying public access as to those portions of the record. The common-law presumption in favor of public access must give way to petitioner's interest in protecting his attorney-client privilege so that he may secure a fair trial if he succeeds on his habeas claim.

**D. Conclusion**

For the foregoing reasons, it is hereby ORDERED:

[1] Petitioner's motion for reconsideration of the magistrate's October 16, 2008 orders is GRANTED.

[2] The testimony of trial defense personnel shall take place in a closed hearing, and the entire transcript shall temporarily remain under seal.

[3] Within twenty (20) days following the closing of the evidentiary hearing, petitioner shall file under seal a statement identifying each portion of the evidentiary hearing transcript and each portion of any exhibit that he believes is protected by the attorney-client or work-product privilege.

[4] Within twenty (20) days of the filing of petitioner's statement, respondent shall file a responsive statement, also under seal.

[5] Within ten (10) days of the filing of respondent's response, petitioner may file a reply.

[6] Thereafter, the magistrate judge will designate those portions of the final transcript that shall remain under seal and set a post-hearing briefing schedule.

[7] The magistrate judge will keep sealed all currently sealed transcripts and exhibits either until the time for a motion for reconsideration has passed or as ordered by the district judge if such motion is filed. At that time, the court will issue a protective order for the sealed information that will, among other things, specify that the information will be protected throughout the proceedings incident to the petition for write of habeas corpus pending before this court, and through any retrial of all or any portion of petitioner's criminal case.

IT IS SO ORDERED.

DATED: September 30, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

6