IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,

vs.

WARDEN, San Quentin State Prison,

    Respondent.

_____/

No. CIV S-99-0628 LKK DAD (TEMP)

DEATH PENALTY CASE

ORDER

        Due to the elevation of Magistrate Judge Kimberly J. Mueller to the position of United States District Judge, the above-captioned case was reassigned temporarily to Magistrate Judge Dale A. Drozd. (Dkt. No. 564.) Respondent requests vacation of the referral of this case to a magistrate judge and reassignment from Judge Lawrence K. Karlton to Judge Mueller. (Dkt. No. 565.) Petitioner opposes this request. (Dkt. No. 567.)

        Reassignment of a case to a district judge who presided over the case while a magistrate judge should occur only rarely. The Court of Appeals has warned that the situation presents a "problem of appearances. Therefore, in our supervisory capacity over the district courts of this circuit, we suggest that district courts avoid assigning new district judges to cases they handled as magistrates." Dawson v. Marshall, 561 F.3d 930, 934 (9th Cir. 2009).

The court recognizes that there would be some economy in having Judge Mueller continue with this case. In 2008, Judge Mueller heard the brief testimony of five witnesses regarding petitioner's claims of juror misconduct and shackling, and in 2009 over two days she heard the testimony of respondent's mental health expert related to petitioner's ineffective assistance of counsel claims. (Dkt. Nos. 336, 342, 497, 498.) Judge Mueller has not made findings regarding the issues raised in these hearings. Respondent also notes that Judge Mueller scheduled in-court evidentiary hearing testimony for February. Because she has not heard that testimony, the court finds it does not weigh in favor of reassigning this case. Further, the fact that Judge Mueller ordered some testimony taken by deposition also does not support reassignment. The deposition transcripts and/or videotapes can be reviewed as well by another judge.

Reassignment is not appropriate in this case for two primary reasons. First, a motion for reconsideration of Judge Mueller's August 10, 2010 order is currently pending before Judge Karlton. It is clear the parties do not agree that this motion may be heard by Judge Mueller. Pursuant to Local Rule 303, a party has the right to reconsideration by a district judge of a non-dispositive order of a magistrate judge under the clearly erroneous or contrary to law standard set forth in 28 U.S.C. § 636(b)(1)(A). As the Court of Appeals noted in <u>Dawson</u>, there is no statutory requirement that the district judge and magistrate judge be different people. 561 F.3d at 933. However, the court recognizes the unusual posture of a proceeding in which a judge is asked to consider whether her prior ruling was erroneous. <u>See id.</u> at 933-34. Typically, judges are asked to reconsider a ruling only when the parties can present new facts or law. See Local Rule 230(j).

Reassignment would be complicated further by the fact that Judge Karlton overturned Judge Mueller's ruling on the standard for closing portions of an evidentiary hearing and sealing the transcript. (Dkt. No. 535.) Respondent has appealed Judge Karlton's ruling to the Court of Appeals. (Dkt. No. 545.)

1    In this case, the court finds the following factors outweigh the judicial economy
2 that reassignment might bring: (1) the parties' disagreement about reassignment, (2) the existence
3 of pending matters before the district judge and the Court of Appeals, and (3) the policy
4 disfavoring reassignment of cases to a new district judge who handled the case as a magistrate
5 judge.
6    Accordingly, IT IS HEREBY ORDERED that respondent's January 7, 2011
7 Request to Reassign Action and to Vacate Referral to Magistrate Judge is DENIED.

9 IT IS SO ORDERED.

10 Dated:   January 14, 2011
11                                                                                   CHIEF UNITED STATES DISTRICT JUDGE