IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,

vs.

WARDEN, San Quentin State Prison,

    Respondent.

No. CIV S-99-0628 LKK EFB (TEMP)

**DEATH PENALTY CASE**

ORDER

    As ordered, the parties submitted simultaneous briefs on the effect of *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011) on these proceedings. Respondent argues the December 1, 2006 order granting the evidentiary hearing should be overturned because it did not consider whether the California Supreme Court's decision violated 28 U.S.C.§ 2254(d). Dckt. No. 580. Petitioner argues that *Pinholster* does not prevent a district court from holding an evidentiary hearing and does not specifically limit this court's review under section 2254(d)(2). Dckt. No. 581. In addition, petitioner argues the December 1, 2006 order did in fact find the California Supreme Court's opinion violated section 2254(d)(2). Both parties also argue summarily, and with some reference to prior briefs, about whether the California Supreme Court's decision with respect to petitioner's claims which are the subject of the evidentiary hearing violated section 2254(d).

After reviewing the parties' briefs, *Pinholster*, and other recent decisions of the United States Supreme Court, this court is not convinced that the interests of judicial efficiency, particularly in this time of scarce judicial resources, are served by going forward with the evidentiary hearing set for May 10 and 11, 2011. While *Pinholster* does not appear to prevent the evidentiary hearing, it is not clear the court will be able to consider any evidence presented for the first time in federal court. The court requires supplemental briefing to consider the effect of *Pinholster* on both the existing fact-finding and on further fact-finding in this proceeding.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The evidentiary hearing scheduled for May 10 and 11, 2011 is dropped from calendar.

2. Within thirty days of the filed date of this order, petitioner shall file a memorandum of points and authorities addressing the following issues:

   a. May this court consider evidence introduced for the first time in this federal proceeding when reviewing a state court's decision under 28 U.S.C. § 2254(d)(2)?

   b. With respect to the claims on which petitioner was granted an evidentiary hearing and with respect to claim 37, explain whether the California Supreme Court's decision meets the standards set out in either 28 U.S.C. § 2254(d)(1) or (d)(2) without reference to any evidence or facts developed in this federal proceeding.

3. Within thirty days of the filing of petitioner's brief, respondent shall file an opposition addressing the following:

   a. The arguments in petitioner's April 21, 2011 brief that evidence presented at an evidentiary hearing may be considered by the federal court in its review under sections 2254(d)(1) and 2254(d)(2). Dckt. No. 581 at 3:7-11, 4:16-19.

   b. The arguments in petitioner's April 21, 2011 brief that the court in the December 1, 2006 order, Dckt. No. 214, found petitioner satisfied the requirements of 28 U.S.C. § 2254(d)(2) for each claim on which the court granted an evidentiary hearing.

////

       c. All arguments raised in petitioner's briefing pursuant to paragraph 2, above.

   4. Within twenty-one days of the filing of respondent's brief, petitioner may file a reply.

   5. All briefs shall be complete and shall not incorporate by reference prior briefing in this or any other case.

   6. On August 3, 2011 at 10:00 a.m. in Courtroom No. 24, the undersigned will hear argument on the issues specified in paragraphs 2 and 3.

DATED: May 3, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3