IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

        Petitioner,        No. CIV S-99-0628 LKK EFB (TEMP)

    vs.                     DEATH PENALTY CASE

WARDEN, San Quentin
  State Prison,

        Respondent.        ORDER
_____/

Petitioner seeks reconsideration of the Magistrate Judge's May 3, 2011 order, Dkt. No. 584, which requires additional briefing on the effect of <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388 (2011) on these proceedings.[1] Dkt. No. 586. Petitioner argues that the Magistrate Judge may not *sua sponte* reconsider the 2007 "order issued by the district judge regarding the evidentiary hearing."

Because the Magistrate Judge's order only requests briefing and makes a scheduling change, and does not reconsider any order of the district court, petitioner's motion is **DENIED**.

---

[1] It is not clear whether petitioner directs his motion to the Magistrate Judge or the District Court. In the interests of judicial economy, this court will consider the pending motion.

1

On December 1, 2006, the Magistrate Judge granted in part, and denied in part, petitioner's motion for an evidentiary hearing. Dkt. No. 214. This court denied both parties' motions seeking reconsideration. Dkt. No. 227 (December 13, 2007). Since the hearing was ordered, the Magistrate Judge has conducted portions of the evidentiary hearing, and has also issued orders scheduling the hearing (Dkt. No. 239), removing it from the calendar (Dkt. Nos. 568) and re-scheduling it (Dkt. Nos. 311, 477, 546, 577), as circumstances required.

The May 23, 2011 order, like others issued by the Magistrate Judge, is a scheduling order – it removes the hearing from the calendar so that the Magistrate Judge may receive further briefing on how the hearing might be affected by the intervening Supreme Court decision in Pinholster.

It was entirely reasonable for the Magistrate Judge to hold off on an evidentiary hearing so that it could consider whether Pinholster – decided only weeks before the evidentiary hearing was scheduled to begin – would allow it "to consider any evidence presented for the first time in federal court."[2]

Petitioner, all of whose arguments are based upon his erroneous assertion that the Magistrate Judge has "reconsidered" a

---

[2] Indeed, the record shows that the Magistrate Judge attempted to resolve whatever issues were raised by Pinholster without disrupting the schedule. On April 12, 2011, the Magistrate Judge ordered briefing on Pinholster, and left the hearing date untouched. It was only when the Magistrate Judge determined that additional briefing was necessary that the hearing was removed from the calendar.

2

district court order, has not made the proper showing under Local R. 230(j), and has not shown that the decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Once the briefing called for by the Magistrate Judge's May 3, 2011 order is filed and the matter is submitted, the Magistrate Judge may determine whether any decision resulting from those briefs should be made by order or by findings and recommendations.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Petitioner's May 25, 2011 Motion for Reconsideration, Dkt. No. 586, is **DENIED.**

2. The briefing schedule set out in the May 3, 2011 order is reinstated, using the filed date of the present order rather than the May 3, 2011 filed date.

3. The argument set for August 3, 2011 is taken off calendar. Whether and when to hold argument is left to the discretion of the Magistrate Judge.

IT IS SO ORDERED.

DATED: June 17, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3