IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

    Petitioner,          No. 2:99-cv-0628 LKK CKD

    vs.                      DEATH PENALTY CASE

WARDEN, San Quentin State Prison,

    Respondent.       ORDER

_____/

Petitioner Jerry Frye, acting in pro per, filed two documents in this action. The first is a motion requesting a hearing on an alleged conflict of interest of his appointed counsel. (Dkt. No. 619.) In the second, entitled a "Petition for Writ of Habeas Corpus," petitioner makes the same allegations of a conflict of interest and challenges the capital case procedures of the State of California. (Dkt. No. 620.) After review of both filings, and good cause appearing, the undersigned will deny petitioner's request for a hearing.

I. Background

In 1988, petitioner was convicted of, among other things, two counts of first degree murder and sentenced to death. In 1998, the California Supreme Court affirmed petitioner's conviction and sentence on appeal. People v. Frye, 18 Cal. 4th 894 (1998). Shortly

1

thereafter, the California Supreme Court denied petitioner's first state habeas petition. In re Frye, No. S062455. The present federal habeas corpus proceeding was initiated in 1999. In 2000, petitioner filed a second state habeas corpus petition to exhaust his state remedies. The California Supreme Court appointed petitioner's federal habeas counsel to represent petitioner in the second state proceeding. The California Supreme Court denied the second petition in 2001. In re Frye, No. S087755.

Petitioner's federal claims are contained in his Second Amended Petition filed in 2003. (Dkt. No. 104.) In 2006, petitioner's motion for an evidentiary hearing was granted in part. (Dkt. No. 214.) Before the in-court portion of the evidentiary hearing was conducted, however, the United States Supreme Court rendered its decision in Cullen v. Pinholster, 131 S. Ct. 1388 (2011). After considering the effects of Pinholster on this proceeding, the parties were ordered to file memoranda addressing the application of 28 U.S.C. § 2254(d) to each evidentiary hearing claim. Petitioner filed a lengthy brief in November 2011. (Dkt. No. 612.) In April 2012, respondent filed an opposition. (Dkt. No. 616.) Petitioner's reply brief is due July 26, 2012. (Dkt. No. 618.)

II. Petitioner's Pro Per Filings

In his Motion for Hearing on the Conflict of Interest with Appointed Counsel, petitioner complains that the State of California's procedures in capital cases have resulted in a suspension of the writ of habeas corpus and are the cause of delay in resolving his challenges to his conviction. (Dkt. No. 619.) Petitioner states that by participating in the state's "illegal process," his appointed counsel has a conflict of interest in representing him to challenge that process.

Petitioner's claims in his "Petition for Writ of Habeas Corpus" are similar. He essentially argues that due to the conflict of interest, his counsel cannot represent him in raising claims challenging the state court's processes. (Dkt. No. 620 at 1-8.) Petitioner also describes problems in the state's capital post-conviction processes. (Dkt. No. 620 and attachments.)

III. <u>Discussion</u>

    A. <u>Legal Standards</u>

As an initial matter, because petitioner has appointed counsel to represent him in this matter, "the Court generally will not consider pro se documents about the presentation of his or her case." E.D. Cal., Local Rule 191(c). "However, the Court generally will consider pro se motions concerning petitioner's representation by appointed counsel." <u>Id.</u> Because petitioner alleges his counsel acts under a conflict of interest, this court will consider his filings. However, petitioner must provide good reason to believe a conflict exists before the court will order a hearing on that issue.

It is well established that the Sixth Amendment right to effective assistance of counsel carries with it "a correlative right to representation that is free from conflicts of interest." <u>Wood v. Georgia</u>, 450 U.S. 261, 271 (1981); <u>see also</u> <u>Campbell v. Rice</u>, 408 F.3d 1166, 1170 (9th Cir. 2005). Conflicts of interest broadly embrace all situations in which an attorney's loyalty to, or efforts on behalf of, a client are threatened by his responsibilities to another client or a third person or by his own interests. <u>See</u> generally ABA, Model Rules Prof. Conduct, Rule 1.7. Conflicts may occur in various factual settings. For example, conflicts may arise in circumstances in which one attorney represents more than one defendant in the same proceeding. <u>See</u>, e.g., <u>Holloway v. Arkansas</u>, 435 U.S. 475, 481-91 (1978). Conflicts may also arise in situations in which an attorney represents a defendant in a criminal matter and currently has or formerly had an attorney-client relationship with a person who is a witness in that matter. <u>See</u>, e.g., <u>Houston v. Schomig</u>, 533 F.3d 1076, 1081 (9th Cir. 2008); <u>Thomas v. Municipal Court</u>, 878 F. 2d 285 (9th Cir. 1989). The rule prohibiting counsel from representing conflicting interests serves to protect confidential information obtained during the course of an earlier representation, ensure undivided attorney loyalty, and guard against infringement of the right to cross-examination. <u>See</u> <u>Sanders v. Ratelle</u>, 21 F.3d 1446, 1452-53 (9th Cir. 1994); <u>Fitzpatrick v. McCormick</u>, 869 F.2d 1247, 1251 (9th Cir. 1989); <u>United States v. Allen</u>, 831 F.2d 1487, 1497

1  (9th Cir. 1987); Trone v. Smith, 621 F.2d 994, 999 (9th Cir. 1980).  Courts "generally presume that the lawyer is fully conscious of the overarching duty of complete loyalty to his or her client." Burger v. Kemp, 483 U.S. 776, 784 (1987).

   B. Application

Petitioner has failed to demonstrate that his federal court counsel are acting under a conflict of interest.  The fact that counsel also represented petitioner before the California Supreme Court during his second state habeas proceeding is no grounds for finding that counsel were thereby disabled from challenging any aspect of those state proceedings.  In fact, petitioner's counsel are challenging the state's post-conviction process.  Petitioner's brief filed in November contains an extensive argument that the State of California's post-conviction process for capital cases is unreasonable. (Dkt. No. 612 at 28-48.)  Moreover, petitioner's counsel have made just the challenge petitioner seeks.  The November brief includes argument that deferring to the state's defective processes would amount to a suspension of the writ of habeas corpus.  (Id. at 28:1-17.)

IV. Conclusion

Petitioner has failed to show that his counsel are acting under a conflict of interest.  Accordingly, IT IS HEREBY ORDERED as follows:

1. Petitioner's June 28, 2012 motion for a hearing regarding a conflict of interest is DENIED.

2. The court will not consider any of the substantive arguments made in petitioner's pro per filings because he is represented by counsel.  E.D. Cal., Local Rule 191(c).

////
////
////
////
////

3. The Clerk of the Court is directed to serve a copy of this order upon petitioner Jerry Grant Frye by U.S. mail.

Dated: July 13, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

frye pro per filings.or

5