UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY GRANT FRYE, | No.  2:99-cv-0628 KJM CKD |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| WARDEN, San Quentin State Prison, | ORDER |
| Respondent. | |

Petitioner Frye has filed a pro se motion for withdrawal of the allegations of mental incompetence from his petition.  (ECF No. 665).  Because petitioner has appointed counsel to represent him in this matter, "the Court generally will not consider pro se documents about the presentation of his or her case." E.D. Cal., Local Rule 191(c).  "However, the Court generally will consider pro se motions concerning petitioner's representation by appointed counsel." Id.

Petitioner complains that his attorneys raised issues regarding his mental competence without his approval and have taken advantage of his sister Alice, who he claims is mentally ill. Petitioner takes issue with a number of statements Alice made during her deposition. Petitioner wants all allegations that he is mentally incompetent and all documents associated with Alice, in particular the transcript of her 2008 deposition (ECF No. 519), removed from his petition and these proceedings.

/////

1    While petitioner argues his counsel have a conflict of interest, he is essentially arguing that he has such a serious conflict with them that court intervention is required. Petitioner does not, however, ask that counsel be relieved.

This court will not interfere with the attorney-client relationship absent an "irreconcilable conflict" resulting in a "complete breakdown of communication that substantially interfere[s] with the attorney-client relationship." Murray v. Schriro, 746 F.3d 418, 457-58 (9th Cir. 2014) (citations omitted). An issue between attorney and client regarding strategy does not alone demonstrate an irreconcilable conflict. Id. at 458. Moreover, petitioner is not entitled to a "lawyer with whom he can, in his view, have a 'meaningful attorney-client relationship.'" United States v. Moore, 159 F.3d 1154, 1158 (9th Cir. 1998) (citing Morris v. Slappy, 461 U.S. 1 (1983)). Finally, even were the court to find such an irreconcilable conflict, the appropriate remedy would be to relieve counsel of their duties.

Because petitioner's counsel has the right, and the obligation, to determine the litigation strategy for these proceedings, because petitioner has failed to demonstrate an irreconcilable conflict with his attorneys, and because petitioner has not sought to be relieved of counsel, this court will deny petitioner's motion.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Petitioner's March 30, 2015 "Motion of Objection" (ECF No. 665) is DENIED.
2. The court will not consider any of the substantive arguments made in petitioner's pro per filings because he is represented by counsel. E.D. Cal., Local Rule 191(c).
3. The Clerk of the Court is direct to serve this document on petitioner Jerry Grant Frye by U.S. mail.

Dated: April 2, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Frye pro per filing.or

2