UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

Petitioner,

v.

WARDEN, San Quentin State Prison,

Respondent.

No. 2:99-cv-00628-KJM-CKD

DEATH PENALTY CASE

ORDER

Petitioner Jerry Grant Frye, a state prisoner under a sentence of death, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges the assigned magistrate judge's authority to issue amended findings and recommendations (F&Rs). The magistrate judge denied his motion to withdraw or modify the amended F&Rs, and he seeks this court's reconsideration of that order. For the reasons below, the motion is denied in part and granted in part.

## I. BACKGROUND

In 1988, a jury found petitioner guilty of two counts of first degree murder, among other charges. Order Dec. 1, 2006, at 2–9, ECF No. 214, *recons. denied*, ECF No. 227. He was sentenced to death. *Id.* at 10. The California Supreme Court affirmed his conviction in 1998, *People v. Frye*, 18 Cal. 4th 894 (1998), *cert. denied*, 526 U.S. 1023 (1999), and his two state

habeas petitions were denied in 1998 and 2001, Order Dec. 1, 2006, at 10. This action began in 1999.

The court granted petitioner's motion for an evidentiary hearing in 2004. ECF Nos. 214, 227.[1] For about seven years the parties conducted discovery and the court held evidentiary hearings and received briefing. On April 4, 2011, the United States Supreme Court issued its decision in *Cullen v. Pinholster*, holding that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." 563 U.S. 170, 131 S. Ct. 1388, 1400 (2011). In light of this holding, the court vacated evidentiary hearings previously set to begin in May of 2011 and ordered the parties to submit briefs on the impact of *Pinholster* on this case. ECF Nos. 579, 584. In 2011 and 2012, the court received the parties' briefs, ECF Nos. 580, 581, 612, 616, 629.

The assigned magistrate judge issued F&Rs in December 2013, recommending dismissal of some claims on the state-court record, dismissal of other claims on the federal-court record, and continued development of other claims in federal court. ECF No. 632. In 2014, petitioner and respondent each filed objections and responses, ECF Nos. 640, 649, 652, 657, and on January 22, 2015, following a practice not without precedent in this district, the magistrate judge filed amended F&Rs, ECF No. 658. In issuing the amendment, the magistrate judge took "careful consideration of the parties' briefs, the state court record, both parties' objections to the [original, unamended F&Rs], and the parties' responses to the objections," but reached the same conclusion on each of the petitioner's claims.[2] *See id.* at 2. The amended F&Rs specified that the parties' objections to the original, unamended F&Rs would remain in force and would be considered objections to the amended F&Rs. The magistrate judge also allowed "supplemental

---

[1] Between December 2004 and December 2010, the undersigned served as the magistrate judge assigned to this case. *See* ECF Nos. 189, 574.

[2] Both the parties' briefing and the F&Rs are thorough and lengthy: the parties' briefing on the effect of *Pinholster* totals 447 pages, the unamended F&Rs total 118 pages, the parties' objections and responses total 190 pages, and the amended F&Rs total 123 pages.

objections to the portions of these amended findings and recommendations that differ from the [original, unamended F&Rs]." *Id.* at 122. Otherwise no objections were permitted. *Id.* The amended F&Rs also specified which sections and page ranges had been altered, although some page references were inaccurate. *See id.*

Petitioner moved for reconsideration of the amended F&Rs, requesting the magistrate judge withdraw them or, alternatively, clarify the amendments and allow him an additional thirty days to file objections. ECF No. 661. The magistrate judge denied the motion except to allow a thirty-day extension of time for objections, apologizing for inaccuracies in the page references. ECF No. 662. Petitioner then requested reconsideration here. ECF No. 663. Respondent opposed neither motion and filed a response to the amended F&Rs, clarifying that it relies on its previously submitted objections. ECF No. 664.

Petitioner's motion to this court relies on three arguments. First, he argues the applicable statutory and constitutional law cannot be interpreted to grant magistrate judges jurisdiction to consider objections and responses to F&Rs, issue *sua sponte* amended recommendations, or restrict objections. Mot. Recons. 3, 7–12, 16–18, ECF No. 663. Second, he argues a magistrate judge cannot be permitted to issue amended F&Rs because by considering and addressing objections, the magistrate judge interferes with the district court's de novo review. *Id.* at 3–4, 15–16. As a corollary, he contends the magistrate judge's restrictions of objections and responses completely prevent him from presenting arguments to the district judge. *Id.* at 4, 18–20. Third, he argues that as a functional matter, the amended F&Rs create confusion and delay and should be vacated. *Id.* at 4, 12–15.

## II. STANDARD OF REVIEW

When a district court reviews a magistrate judge's decisions, the standard of that review depends on whether the matter is dispositive and non-dispositive. A matter is dispositive if it is listed in 28 U.S.C. § 636(b)(1)(A)[3] or if it is "analogous to a motion listed in this category."

[3] That section lists motions "for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to

*Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747–48 (9th Cir. 1990). To determine whether a matter is dispositive, the Ninth Circuit has adopted a "functional approach that 'look[s] to the effect of the motion . . . .'" *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015) (quoting *United States v. Rivera–Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004)).

At issue here is the magistrate judge's order denying petitioner's motion to reconsider the amended F&Rs. An order disposing of a motion to reconsider is not a matter listed in section 636(b)(1)(A). Neither is the order analogous to anything on that list or functionally dispositive of petitioner's claims. Because the magistrate judge made the same substantive recommendations in both the original and amended F&Rs, disposition of the petitioner's motion to reconsider was not critical to the nature of this litigation. Its effect was minimal, and it was not dispositive.[4]

For non-dispositive matters, this court may reconsider the magistrate judge's determination "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Under this standard, factual determinations are reviewed for clear error, and legal conclusions are reviewed to determine whether they are contrary to law. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). "A ruling is 'contrary to law' 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Dagdagan v. City of Vallejo*, 263 F.R.D. 632, 637 (E.D. Cal. 2009) (quoting *Martin v. Woodford*, No. 08–415, 2009 WL 3841868, at *1 (E.D. Cal. Nov. 17, 2009)), *on recons.*, (Jan. 29, 2010). District courts within the Ninth Circuit regularly refer to this analysis as de novo review. *See, e.g.*, *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014); *Guidiville*

---

dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A).

[4] Other district courts have concluded similarly. *See, e.g.*, *Christian v. White*, No. 04-00743, 2007 WL 461303, at *2 (D. Haw. Feb. 6, 2007); *LaSalle Bank N.A. v. Mobile Hotel Properties, LLC*, No. 03-2225, 2004 WL 1562846, at *1 (E.D. La. July 12, 2004); *Bailey v. City of Philadelphia*, No. 00-5002, 2003 WL 329157, at *2 (E.D. Pa. Feb. 13, 2003), *aff'd*, 90 F. App'x 434 (3d Cir. 2004); *Pick v. Am. Med. Sys., Inc.*, No. 94-1729, 1997 WL 162061, at *1 (E.D. La. Apr. 3, 1997), *aff'd*, 198 F.3d 241 (5th Cir. 1999); *Schrag v. Dinges*, 144 F.R.D. 121, 123 (D. Kan. 1992).

*Rancheria of California v. United States*, No. 12-1326, 2013 WL 6571945, at *1 (N.D. Cal. Dec. 13, 2013); *Dagdagan*, 263 F.R.D. at 637; *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999).[5]

Here, because the petitioner contests none of the magistrate judge's factual findings, the order will stand unless he shows it is "contrary to law."

III. DISCUSSION

Petitioner has not consented to the jurisdiction of the magistrate judge in this action. Without this consent, a magistrate judge's authority is confined to that granted by § 636(b)(1). *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). As described above, that section has two layers. The first governs all non-dispositive matters, such as the magistrate's order denying petitioner's motion to reconsider. *See* 28 U.S.C. § 636(b)(1)(A). The second governs dispositive matters, such as an order dismissing one or more of petitioner's claims, as recommended here by the original and amended F&Rs. *See id.* § 636(b)(1)(B). Section 636 provides that the magistrate judge must file F&Rs and mail them to the parties, who may object within fourteen days. *Id.* § 636(b)(1), (b)(1)(C). After objections are filed, "[a] judge of the court shall make a de novo determination of those portions of the report or

[5] Many of these decisions cite *United States v. McConney*, 728 F.2d 1195, 1200 (9th Cir. 1984) (en banc), apparently taking a cue from *Wolpin*, 189 F.R.D. at 422. In *McConney*, the Ninth Circuit determined "what standard of review is applicable to the district court's determination that the federal agents' failure to comply with the requirements of [18 U.S.C. § 3109] was excused by exigent circumstances." 728 F.2d at 1199. The court "return[ed] to first principles of standard of review jurisprudence in an effort to formulate an analytical framework for dealing with mixed questions [of law and fact]," and noted it had "long been settled" that "[q]uestions of fact are reviewed under the deferential, clearly erroneous standard," and "[q]uestions of law are reviewed under the non-deferential, de novo standard." *Id.* at 1200–01 (citations omitted). In *Estate of Merchant v. Commissioner*, 947 F.2d 1390, 1392–93 (9th Cir. 1991), the Ninth Circuit held *McConney* could no longer apply to section 7430 of the Internal Revenue Code, but *McConney* appears otherwise to remain good law. In any event, section 636(b)(1)(A) employs a disjunctive pairing: "clearly erroneous or contrary to law." This choice suggests Congress anticipated partial review for clear error and partial de novo review. *Cf. Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (reviewing the district court's denial of a motion to reconsider a magistrate judge's pretrial order; contrasting discovery motions, to which the "clearly erroneous" standard applies, with "questions of law," which the court reviews de novo).

specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and may receive more evidence or "recommit the matter to the magistrate judge with instructions." *Id.*

Federal Rule of Civil Procedure 72 paraphrases section 636. For dispositive matters, "[t]he magistrate judge must enter a recommended disposition . . . ." Fed. R. Civ. P. 72(b)(1). The parties may object within fourteen days and may respond to their opponents' objections within fourteen days. Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject, or modify" the F&Rs, "receive further evidence," or "return the matter to the magistrate judge . . . ." Fed. R. Civ. P. 72(b)(3).

District courts must also adopt local rules "pursuant to which the magistrate judges shall discharge their duties." 28 U.S.C. § 636(b)(4). This District's Local Rules assign to magistrate judges "all duties permitted by [§ 636(b)(1)(A)], or other law where the standard of review of the Magistrate Judge's decision is clearly erroneous or contrary to law." E.D. Cal. L.R. 302(a). Local Rule 302(c)(17) designates to magistrate judges all "[a]ctions brought by a person in custody who is seeking habeas corpus relief . . . including dispositive and non-dispositive motions and matters." In the Sacramento division of this court, capital habeas corpus petitions are also assigned to a magistrate judge automatically. *See* E.D. Cal. L.R. 121(e). In sum, the Local Rules designate all matters in this case to the assigned magistrate judge prior to disposition. Any dispositive matters must be addressed to this court on F&Rs, E.D. Cal. L.R. 304, and the magistrate judge resolves the balance finally according to section 636(b)(1)(A), subject to reconsideration, E.D. Cal. L.R. 303.

Section 636, Rule 72, and the Local Rules neither expressly allow nor expressly preclude the *sua sponte* withdrawal or amendment of F&Rs, but the Supreme Court has set up a guidepost for the interpretation of F&Rs generally here: "Congress made clear . . . that the magistrate [judge] acts subsidiary to and only in aid of the district court." *United States v. Raddatz*, 447 U.S. 667, 681 (1980). "[T]he entire process takes place under the district court's

total control and jurisdiction," *id.*, and "the authority—and the responsibility—to make an informed, final determination remains with the judge." *Id.* at 682 (quoting *Mathews v. Weber*, 423 U.S. 261, 271 (1976)) (alterations omitted).

The magistrate judge's withdrawal of or, as here, amendment to previously issued F&Rs neither diminishes the district judge's "total control and jurisdiction" nor robs the district judge of authority "to make an informed, final determination." Whether amended or unamended, F&Rs take no effect until adopted by the district judge, whose ability to "accept, reject, or modify" those F&Rs is undiminished by amendment, and the litigant's constitutional right "to demand Article III adjudication of a civil suit," *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541 (9th Cir. 1984) (en banc), remains similarly intact. Neither do amendments restrict a district judge's ability to review the complete file de novo. Amended F&Rs are no more binding on the district judge than unamended F&Rs; "new" content must measure up to reason and law just as "old" content. For the same reason, an amendment does not taint the district judge's de novo review. A district judge can review the parties' objections and responses to the amended and unamended F&Rs, if any, take judicial notice of original F&Rs, and can adopt the original F&Rs, the amended F&Rs, or neither.

As a practical matter, amendments to F&Rs can avoid confusion and delay. A magistrate judge may quickly correct mistakes or oversights by amendment. Because the magistrate judge is usually more familiar with a case's factual and procedural history than the district judge at that stage of the litigation, the magistrate judge can also make corrections more efficiently. Amendments may also allow the magistrate judge to address new arguments or evidence offered in objections and responses, which may inform the district judge's discretion to consider that new information. *See Brown v. Roe*, 279 F.3d 742, 744 (2002) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." (internal quotation marks and citation omitted))

In contrast, section 636 and Rule 72 do not allow a magistrate judge to restrict the parties' objections. Although objections and responses to amended F&Rs may duplicate

arguments made in previous filings, section 636 protects the parties' constitutional right to make their case to the district judge, who must oversee the litigation through de novo review. 28 U.S.C. § 636(b)(1). The parties may stand by previously submitted objections, if they choose, as has respondent here. But the procedure of section 636—objection, response, de novo review—applies equally to unamended and amended F&Rs.

IV. CONCLUSION

Petitioner's motion is GRANTED in part and DENIED in part. The amended F&Rs, ECF No. 658, shall be deemed the operative and pending F&Rs. Objections to those F&Rs, if any, shall be filed within thirty days. Any responses shall be filed in accordance with the Federal and Local Rules, and may refer to the original F&Rs while making any such reference clear. Requests for extensions of time shall be submitted to the assigned magistrate judge. Upon expiration of these time periods, the matter will be submitted for review by this court. This order resolves ECF No. 663.

IT IS SO ORDERED.

DATED: November 16, 2015.

UNITED STATES DISTRICT JUDGE