UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY GRANT FRYE, | No. 2:99-cv-00628-KJM-CKD |
| Petitioner, | DEATH PENALTY CASE |
| v. | ORDER |
| WARDEN, San Quentin State Prison, | |
| Respondent. | |

   Petitioner Jerry Grant Frye, a state prisoner under sentence of death, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges the assigned magistrate judge's authority to *sua sponte* issue amended findings and recommendations (F&Rs). In a previous order, the court found the magistrate judge has that authority. Petitioner now seeks reconsideration of that order.

I. BACKGROUND

   As summarized in this court's previous order, in 1988, a jury found petitioner guilty of two counts of first degree murder, among other charges. Order Dec. 1, 2006, at 2–9, ECF No. 214, *recons. denied*, ECF No. 227. He was sentenced to death. *Id.* at 10. The California Supreme Court affirmed his conviction in 1998, *People v. Frye*, 18 Cal. 4th 894 (1998), the U.S. Supreme Court denied his petition for a writ of certiorari, 526 U.S. 1023 (1999),

1

and his two state habeas petitions were denied in 1998 and 2001, Order Dec. 1, 2006, at 10. This action began in 1999.

The court granted petitioner's motion for an evidentiary hearing in 2004. ECF Nos. 214, 227.[1] For about seven years the parties conducted discovery and the court held evidentiary hearings and received briefing. On April 4, 2011, the United States Supreme Court issued its decision in *Cullen v. Pinholster*, 563 U.S. 170 (2011), holding that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.* at 185. In light of this holding, the court vacated evidentiary hearings previously set to begin in May of 2011 and ordered the parties to submit briefs on the impact of *Pinholster* on this case. ECF Nos. 579, 584. In 2011 and early 2012, the court received the parties' briefs. ECF Nos. 580, 581, 612, 616, 629.

The assigned magistrate judge issued F&Rs in December 2013, recommending dismissal of some claims on the state-court record, dismissal of other claims on the federal-court record, and continued development of other claims in federal court. ECF No. 632. In 2014, petitioner and respondent each filed objections and responses, ECF Nos. 640, 649, 652, 657, and on January 22, 2015, following a practice not without precedent in this district, the magistrate judge filed amended F&Rs, ECF No. 658. In issuing the amendment, the magistrate judge took "careful consideration of the parties' briefs, the state court record, both parties' objections to the [original, unamended F&Rs], and the parties' responses to the objections," but reached the same conclusion on each of the petitioner's claims. *See id.* at 2. The amended F&Rs specified that the parties' objections to the original, unamended F&Rs would remain in force and would be considered objections to the amended F&Rs. The magistrate judge also allowed "supplemental objections to the portions of these amended findings and recommendations that differ from the [original, unamended F&Rs]," without specifying all of the differences between the two sets of F&Rs. *Id.* at 122. Otherwise no objections were permitted. *Id.*

---

[1] Between December 2004 and February 2011, the undersigned served as the magistrate judge assigned to this case. *See* ECF Nos. 188, 189, 574.

1            Petitioner moved for reconsideration of the amended F&Rs, requesting the
2     magistrate judge withdraw them or, alternatively, clarify the amendments and allow him an
3     additional thirty days to file objections. ECF No. 661. The magistrate judge denied the motion
4     except to allow a thirty-day extension of time for objections. ECF No. 662. Petitioner then
5     requested reconsideration from this court. ECF No. 663. Respondent opposed neither motion
6     and filed a response to the amended F&Rs, clarifying that it relies on its previously submitted
7     objections. ECF No. 664.

8            This court denied the motion to reconsider the magistrate judge's decision not to
9     withdraw the amended F&Rs. ECF No. 669. The court relied on the Supreme Court's decision
10    in *United States v. Raddatz*, 447 U.S. 667 (1980), as a "guidepost for the interpretation of F&Rs."
11    *Id.* at 6–7. In *Raddatz*, the Supreme Court found that Congress had not unconstitutionally
12    allocated authority to magistrate judges under 28 U.S.C. § 636(b)(1)(B) because "Congress made
13    clear . . . that the magistrate [judge] acts subsidiary to and only in aid of the district court." 447
14    U.S. at 681. Drawing on this reasoning, this court concluded that "[t]he magistrate judge's
15    withdrawal of or, as here, amendment to previously issued F&Rs neither diminishes the district
16    judge's 'total control and jurisdiction' nor robs the district judge of authority 'to make an
17    informed, final determination.'" *Id.* at 7 (quoting *Raddatz*, 447 U.S. at 681). The court also
18    noted that amendments to F&Rs can avoid confusion and delay. *Id.* The court found, however,
19    that the magistrate judge could not restrict the parties' objections. *Id.* at 7-8. The motion thus
20    was granted in part and denied in part to that extent.

21           Petitioner then asked this court to reconsider. ECF No. 673. He argued that this
22    court's interpretation of *Raddatz* conflicts with the Ninth Circuit's decision in *NLRB v. A-Plus
23    Roofing, Inc.*, 39 F.3d 1410 (9th Cir. 1994). The court directed respondent to provide a statement
24    of its position, if any it had, on this point. ECF No. 674. Respondent disagreed with petitioner's
25    reading of *Raddatz* and *A-Plus Roofing* and emphasized that "it is not uncommon for magistrate
26    judges in this district and elsewhere to issue amended F&Rs."[2]  Resp. at 4, ECF No. 676.

27
          [2] Respondent cited the following cases as examples: *Watts v. Ramos*, No. 09-1515, 2014
28    WL 1489344 (E.D. Cal. Apr. 15, 2014); *Thompson v. Mauck*, No. 09-3478, 2012 WL 4834118

1  Petitioner replied, reiterated his reliance on *A-Plus Roofing*, and distinguished this case from the
2  examples of amended F&Rs respondent cited.  ECF No. 677.

3  II.     LEGAL STANDARD

4           A district court has inherent authority to reconsider its own non-final orders.  *See,
5  e.g.*, *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).  In addition, Federal Rule of
6  Civil Procedure 54(b)[3] authorizes this court to revise "any order or other decision . . . that
7  adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at
8  any time before the entry of a judgment adjudicating all the claims and all the parties' rights and
9  liabilities."  "A district court may reconsider and reverse a previous interlocutory decision for any
10 reason it deems sufficient, even in the absence of new evidence or an intervening change in or
11 clarification of controlling law."  *Abada v. Charles Schwab & Co.*, 127 F. Supp. 2d 1101, 1102
12 (S.D. Cal. 2000).  But as a general rule, previous orders should stand in the absence of
13 "extraordinary circumstances[,] such as where the initial decision was clearly erroneous and
14 would work a manifest injustice."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800,
15 817 (1988) (citation and quotation marks omitted).

16 III.    DISCUSSION

17      A.     Applicability of *United States v. Raddatz*

18           Upon reconsideration, the court concludes its previous application of *United States
19 v. Raddatz* was incorrect.  In *Raddatz*, the Supreme Court considered whether 28 U.S.C.
20 § 636(b)(1)(B) was constitutional.  447 U.S. at 669.  That is, the Court considered whether
21 Congress had unconstitutionally delegated authority to a judge who was not appointed under
22 Article III.  *See id.* at 681.  The Supreme Court concluded Congress had not made an

---

(E.D. Cal. Oct 10, 2012); *Fuji v. Llavina*, No. 10-00248, 2010 WL 3385193 (D. Haw. Aug. 23, 2010); *Ramirez v. California*, No. 08-01436, 2010 WL 1839765 (C.D. Cal. May 5, 2010); *Sylvester v. Rawers*, No. 03-1301, 2008 WL 360459 (E.D. Cal. Feb. 8, 2008); *Hancock v. Curry*, No. 02-2413, 2006 WL 2472790 (E.D. Cal. Aug. 24, 2006); *Cornilles v. Regal Cinemas, Inc.*, No. 00-173, 2002 WL 31469787 (D. Or. Mar. 19, 2002).

[3] This rule applies in this case, a petition for relief under 28 U.S.C. § 2254.  *See* Rule 12, Rules Governing Section 2254 Cases.

unconstitutional delegation of final authority at all. *See id.* The *Raddatz* Court's decision was straightforward because § 636(b)(1)(B) left an Article III judge with the ultimate authority and responsibility to make a dispositive decision. *Id.* at 681–84.

As applied to this case, *Raddatz* would be conclusive if a statute expressly authorized magistrate judges to amend F&Rs on their own motion, but left an Article III judge with the ultimate decision on the F&Rs. This hypothetical regime would likely prove constitutional under *Raddatz* because the authority and the responsibility to make an informed, final determination on the merits of a question before the court would remain with the district judge. 447 U.S. at 682. But here, in contrast, 28 U.S.C. § 636 does not expressly authorize magistrate judges to amend F&Rs. That section provides,

> Notwithstanding any provision of law to the contrary—
>
> . . .
>
> a judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court . . . of prisoner petitions challenging conditions of confinement.[4]
>
> . . . [T]he magistrate judge shall file [her] proposed findings and recommendations . . . with the court and a copy shall forthwith be mailed to all parties.
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1). The question is therefore not whether the statute is constitutional, but whether the practice of issuing amended F&Rs *sua sponte* is within the magistrate judge's

---

[4] In this phrase, "Congress intended to include in their entirety . . . applications for habeas corpus relief pursuant to 28 U.S.C. §§ 2254 and 2255 . . . ." *McCarthy v. Bronson*, 500 U.S. 136, 140 (1991).

1  jurisdiction. Or put another way, does the issuance of F&Rs trigger an automatic objection and
2  review process that deprives the magistrate judge of continuing jurisdiction? *Raddatz* does not
3  answer this question.
4        The Ninth Circuit recognized the same logic in *A-Plus Roofing*. In that case, the
5  circuit court had referred a criminal contempt proceeding to a magistrate judge. 39 F.3d at 1414.
6  Afterward, on appeal, the circuit court found it had made the referral in error because the
7  magistrate judge did not have jurisdiction to preside over a criminal contempt proceeding. *Id.*
8  at 1415–16. In its argument against this result, the NLRB relied on *Raddatz*, noting that in both
9  *Raddatz* and in the situation before the *A-Plus Roofing* court, the ultimate decision remained with
10 an Article III judge. *Id.* (citing 447 U.S. at 681–84). The Ninth Circuit agreed that *Raddatz*
11 arguably compelled the conclusion that referral was constitutional, but emphasized that the
12 question before it was not whether Congress's delegation was constitutional, but whether
13 Congress had authorized magistrate judges to perform a specific task.
14       Because this court's previous order rested primarily on an incorrect application of
15 *Raddatz*, the court must revisit petitioner's original motion to reconsider: Did the assigned
16 magistrate judge have authority to issue amended F&Rs on her own motion?
17       B.     <u>The Magistrate Judge's Authority to Issue Amended F&Rs</u>
18       When a district court reviews a magistrate judge's decisions, the standard of that
19 review depends on whether the matter is dispositive or non-dispositive. A matter is dispositive if
20 it is listed in 28 U.S.C. § 636(b)(1)(A) or if it is "analogous to a motion listed in this category."
21 *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747–48 (9th Cir. 1990). As this court previously
22 determined, an order denying a motion to reconsider is non-dispositive, Order Nov. 17, 2015,
23 at 4; accordingly this court may reconsider the magistrate judge's determination "where it has
24 been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C.
25 § 636(b)(1)(A). Under this standard, factual determinations are reviewed for clear error, and legal
26 conclusions are reviewed to determine whether they are contrary to law. *Perry v.*
27 *Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). Here petitioner challenges the
28 magistrate judge's legal conclusion: that she had authority to issue amended F&Rs.

Petitioner has not consented to the jurisdiction of the magistrate judge in this action. Without all parties' consent, a magistrate judge's authority is confined to that granted by § 636(b)(1), *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992), which enumerates a magistrate judge's "jurisdiction and powers," *Wang v. Masaitis*, 416 F.3d 992, 999 (9th Cir. 2005). The relevant provisions of § 636(b)(1) are quoted in the previous section. In short, because the F&Rs in question here concern a dispositive question, the magistrate judge must file F&Rs and serve them on the parties, who may object within fourteen days. *Id.* §§ 636(b)(1), (b)(1)(C). After objections are filed, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and may receive more evidence or "recommit the matter to the magistrate judge with instructions." *Id.* In addition to these more specific provisions, "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3).

Petitioner asks the court to decide that because the statutory provisions do not expressly allow a magistrate judge to issue amended findings and recommendations, a magistrate judge has no such authority, or alternatively, that a magistrate judge loses jurisdiction over a matter after issuing F&Rs. The parties have cited no binding authority on this point, and the court has likewise found none.[5] Neither has petitioner identified any Local Rule that prevents the amendment of F&Rs. The question is therefore one of statutory interpretation.

---

[5] As noted above, however, the practice of issuing amended F&Rs is not without precedent among magistrate judges in this Circuit. *See* Opp'n Mot. Recons. at 4–5. In addition, in a number of unpublished and non-citable memorandum dispositions, the Ninth Circuit has been presented with appeals from orders considering amended findings and recommendations and has not expressed concern with the fact of amendment. *See Dep't of Envtl. Quality Or. v. Spar Inv. Co.*, 64 F. App'x 648 (9th Cir. 2003); *Gomez v. Rowland*, 17 F.3d 394 (9th Cir. 1994); *McCright v. Rowland*, 936 F.2d 578 (9th Cir. 1991).

The words of a statute themselves are always the place to begin. *Caraco Pharm. Labs., Ltd. v. Novo Nordisk A/S*, ___ U.S. ___, 132 S. Ct. 1670, 1680 (2012). Unless Congress specifies otherwise, words in statutes have the same meanings as usual. *Roberts v. Sea-Land Servs., Inc.*, ___ U.S. ___, 132 S. Ct. 1350, 1356 (2012). Context also matters, both "the specific context in which that language is used, and the broader context of the statute as a whole," *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997), because one interpretation of a word or phrase might lead to a result that clashes with the rest of the law, *Util. Air Regulatory Grp. v. U.S. Envtl. Prot.*, ___ U.S. ___, 134 S. Ct. 2427, 2442 (2014). "Ultimately, context determines meaning." *Johnson v. United States*, 559 U.S. 133, 139 (2010).

Section 636(b)(1)'s provisions neither expressly authorize nor expressly bar a magistrate judge from amending her F&Rs. The context of § 636(b)(1) shows, however, that a magistrate judge has that authority. The process Congress contemplated in passing § 636(b)(1) will occur here despite extra steps along the way. At the end of the day, the magistrate judge will have made recommendations, the parties will have objected, and an Article III officer will have considered the matter de novo and made a decision. The passages petitioner cites to support his position do not have the purpose he attributes to them. By requiring a magistrate judge to submit F&Rs, setting a period for responses, and requiring a district judge to review the matter de novo, Congress clearly intended to ensure that litigants have an opportunity to object and to have their cases heard by an Article III judge. It did not intend to impose a rigid procedure or prevent a magistrate judge from revising her F&Rs after reviewing objections.

For the same reasons, a magistrate judge cannot be said to lose jurisdiction immediately upon issuing F&Rs. Congress's concern, as evident from the language and context of § 636(b)(1), was not to prevent interloper magistrate judges from gumming up the works, but to ensure litigants have access to the jurisdiction of the federal district court. Consider, however imperfect the analogy, the relationship between a district court and circuit court of appeals. Such a comparison might suggest a magistrate judge loses jurisdiction after issuing F&Rs: "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

But "[t]his rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Id.* In other words, the rule is "a creature of judicial prudence," *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983), not of statutory or constitutional command. Likewise the rule petitioner proposes would be a judge-made prudential rule, not a jurisdictional bar founded on the language of § 636(b)(1). In the absence any precedent, this court declines to create the rule petitioner requests.

In any event, petitioner exaggerates the potential negative practical consequences of amendments to F&Rs. He argues that because the magistrate judge's amended F&Rs address some of the matters the parties raised in their objections to her original F&Rs, the magistrate judge has unfairly weighed in on the dispute. But a district judge in receipt of any F&Rs, along with the parties' objections and responses, does not simply credit the magistrate judge's conclusions over any objections made. Whatever objections are made, and whatever recommendation the magistrate judge makes, the district judge considers the matter de novo. De novo review requires the court to "review the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006). If petitioner were correct and a magistrate judge tainted the process of judging by reviewing and responding to the parties' arguments, Congress would not have passed § 636(b)(1) in the first place.

Finally, petitioner has not shown this court erred by concluding previously that amendments to F&Rs can avoid confusion and delay. *See* Order Nov. 17, 2015, at 7. The court confirms this general conclusion here, while noting the concomitant obligation of the court to make clear the record it will consider in ultimately resolving F&Rs.

IV.   CONCLUSION

The motion to reconsider, ECF No. 673, is GRANTED to the extent the court agrees its previous application of *United States v. Raddatz* was incorrect. In all other respects, the motion is DENIED. Objections to the amended F&Rs, ECF No. 658, if any, shall be filed within thirty days. The parties may rely on their original objections to the magistrate judge's now-

vacated F&Rs, as respondent has done here; if a party chooses this route the court will construe the objections as lodged against the amended F&Rs.  Alternatively, the parties may file objections to the amended F&Rs; if a party chooses this route, the court will consider only these objections.  The court itself will consider only the amended F&Rs and any objections to those F&Rs as clarified here.

        As an administrative matter, for future reference, magistrate judges vacating and amending F&Rs may avoid confusion by directing the filing of a single set of objections rather than original and supplemental objections.  To the extent the allowing of objections falls to this court, it will endeavor to remember to do the same.

        IT IS SO ORDERED.

DATED: August 8, 2016.

_____
UNITED STATES DISTRICT JUDGE