UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jerry Grant Frye,<br><br>    Petitioner,<br><br>    v.<br><br>Warden, San Quentin Prison, et al.,<br><br>    Respondents. | No. 2:99-cv-00628-KJM-CKD<br><br>ORDER |

Petitioner Jerry Grant Frye moves the court to set aside the judgment against him, dismiss the case and order his immediate release from prison based upon what he perceives to be undue delay in the resolution of his petition for habeas corpus. For the reasons that follow, Frye's motion is **denied.**

**I.    BACKGROUND**

In 1988, a jury convicted Frye of two counts of first-degree murder for killing Robert Lee Brandt and Lucille Jane Brandt. The jury also convicted him of first-degree robbery, residential burglary, and the unlawful driving and taking of a vehicle. *See* Reporter's Transcript of Proceedings on Trial (R.T.) (May 9, 1988) at 9371–9379. Additionally, the jury found special allegations pertaining to both murders to be true: Frye was armed with a shotgun during both murders, he used the shotgun during both murders, he committed multiple murders, and he committed the murders in the course of committing a robbery and in the course of committing a

1

1  burglary. *See id*. The same jury then returned a death sentence verdict at the end of the penalty
2  phase of the proceedings. *See id.* at 9748–9786 (Aug. 5, 1988–Aug. 8, 1988). The California
3  Supreme Court affirmed Frye's conviction and sentence. *See People v. Frye*, 18 Cal. 4th 894
4  (1998). The California Supreme Court then summarily denied Frye's first and second state
5  habeas petitions. *See Frye (Jerry Grant) on H.C.*, No. S062455 (Oct. 14, 1998) and *Frye (Jerry*
6  *Grant) on H.C.*, No. S087755 (Jan. 24, 2001). Frye filed his operative petition for habeas corpus
7  with this court in March 2003, making 45 claims. *See* ECF No. 104.
8      In August 2003, Frye informed the magistrate judge originally assigned to the case in a
9  telephonic status conference "he does not intend to file a traverse unless the failure to do so will
10 be considered an admission of assertions made in [the government's] Answer." ECF No. 119 at
11 2. The magistrate judge ruled that a traverse was "unnecessary" because "the parties will have an
12 opportunity to brief the merits of all claims later in the case . . . ." *Id.* Frye then moved for an
13 evidentiary hearing on 12 of his claims. *See* ECF No. 162
14     In 2006, the court granted an evidentiary hearing on 8 claims, denied an evidentiary
15 hearing on two claims and allowed Frye to develop background information based on two others.
16 *See* Order (Dec. 1, 2006) at 52–53, ECF No. 214 (granting hearing on claims 2, 3, 28, 29, 25, 42,
17 44 and portion of claim 7).[1] In 2008, the undersigned, sitting as the assigned magistrate judge,
18 held an evidentiary hearing on claims 42 and 44, Frye's shackling claim and juror misconduct
19 claim, respectively. *See* ECF Nos. 336, 342 (minutes); ECF Nos. 351–352 (transcripts). In 2010,
20 Fyre also moved for an evidentiary hearing on one more claim: claim 37, asserting the
21 unconstitutionality of his conviction under the Eighth and Fourteenth Amendments. *See* ECF No.
22 549. In 2011, after the undersigned was appointed as a district judge, remaining on the case in
23 that capacity, a successor magistrate judge ordered the parties to submit supplemental briefing on
24 whether the court should reconsider holding the evidentiary hearing the undersigned as magistrate
25 judge had granted and previously set but not yet held on the six remaining claims, including
26 /////

---

[1] Pages citations to CM/ECF entries are to the top right of the CM/ECF system.

1  claims 28 and 29, as well as whether it should reconsider holding an evidentiary hearing on claim
2  37; the magistrate judge also questioned whether the evidentiary hearing record on Frye's
3  shackling and juror misconduct claims could be considered given the Supreme Court's holding in
4  *Cullen v. Pinholster*, 563 U.S. 170 (2011).  *See* Order (May 3, 2011), ECF No. 584.  The parties
5  briefed the matter, and the  magistrate judge now assigned to the case issued amended findings
6  and recommendations in 2015, vacating her earlier findings and recommendations, addressing 11
7  claims: 2, 3, 4, 5, 7 (in part), 25, 28, 29, 37, 42, and 44.  The magistrate judge discussed, among
8  other matters, the impact of *Pinholster* and recommended resumption of the evidentiary hearing
9  previously set on claims 28 and 29 but not 2, 3, 25, or 7 (in part), as well as the ineffective
10  assistance of counsel penalty phase claims; she also reevaluated claims 42 and 44, finding that
11  even under the new standards set forth in *Pinholster* both claims were appropriately subject to the
12  evidentiary hearing the court had held, but she recommended denying both claims on the merits
13  based on the findings in those hearings. *See generally* ECF No. 658.  These findings and
14  recommendation currently are pending before this court.

15      In the interim, in 2021, Frye filed this motion, urging the court to release him immediately
16  because, as he argues, this judicial district is incapable of granting him relief within his lifetime.
17  *See* Mot., ECF No. 704.  In response, the court issued an order to show cause asking the parties
18  why they should not be referred for a mandatory, court-convened settlement conference.  *See*
19  Order (Dec. 1, 2021), ECF No. 707.  The parties resisted settlement but as an alternative to
20  settlement negotiations, Frye asked the court to decide only one of his claims for relief: claim 44,
21  that he was unconstitutionally shackled in front of the jurors.  *See* ECF No. 714.  The court
22  accepted this suggestion, considered the shackling claim and on the merits decided that claim in
23  Frye's favor, granted his petition to this extent.  *See* Order (May 19, 2022), ECF No. 715.  The
24  government appealed to the Ninth Circuit Court of Appeals, which reversed this court's decision,
25  denied Frye relief on the shackling claim and remanded the matter to this court for further
26  proceedings.  *See Frye v. Broomfield*, 115 F.4th 1155 (9th Cir. 2024).  As of the date the court
27  issues this order, 32 of Frye's 45 claims have yet to be resolved, in part because Frye has not
28  /////

moved to advance the remaining claims and the court has not directed that he do so, in part because new controlling law as decided by the Supreme Court has required the court to reassess certain of its previous orders and in part because the court had stayed the case pending the Ninth Circuit's resolution of Frye's shackling claim. *See* Mot. at 17.

There are other reasons as well contributing to the period of time Frye's petition has been pending before this court. Relatively recently, in 2021, eighteen years after filing his habeas petition with this court, and on the same day he filed the motion addressed by this order, Frye moved to amend his petition to add a 46th claim for relief, seeking to allege for the first time that his trial counsel, Judd Iverson, had an actual conflict of interest that should have prevented him from serving as Frye's attorney. *See* Mot. Amend, ECF No. 705. As of March of this year, the motion to amend is now fully briefed and is still pending before the court. *See* Opp'n Mot. Amend, ECF No. 727; Reply Opp'n Mot. Amend, ECF No. 730. Additionally, over the course of the litigation, Frye unilaterally has requested 41 extensions of time and has joined the government in seeking 11 other requests for extensions of time, related to over the more than twenty substantive motions he has filed in this case. *See* Opp'n at 8–9, ECF No. 728; Reply at 7, ECF No. 729. The court has granted all these extension requests. The court also has granted an additional 19 requests for extensions of time from the government, which Frye did not oppose. *See id.* Frye also has not briefed or moved for an evidentiary hearing on 32 of his claims for relief, nor as noted has he filed a general traverse. *See id.* at 8.

After the Ninth Circuit's decision in 2024, the government requested a briefing schedule on the instant motion to set aside the verdict, *see* Request, ECF No. 723, and the court set a briefing schedule, *see* Order (Nov. 7, 2024), ECF No. 724. The motion is now fully briefed, and the court resolves it here. *See* Mot.; Opp'n; Reply. The court has determined oral argument is unnecessary to decide the motion and so has submitted it. *See* E.D. Cal. L.R. 230(g).

**II.     ANALYSIS**

Frye cites to sweeping language in some Supreme Court decisions about the crucial role habeas corpus plays in protecting the due process rights of litigants and ensuring a person is not held in custody unlawfully. *See, e.g., Fay v. Noia*, 372 U.S. 391, 402 ("[I]f the imprisonment

4

1    cannot be shown to conform with the fundamental requirements of law, the individual is entitled
2    to immediate release."). At the same time, as the government points out, Frye has not invoked,
3    and it appears he cannot, a case in which a federal court has granted release to a person in state
4    custody based upon an extended delay in a federal court's hearing their petition and the effect any
5    delay has on the conditions of the person's confinement. *See* Opp'n at 11–12. Further, as Frye
6    acknowledges, the available remedy for a party complaining of a district court's undue delay is to
7    seek a writ of mandate from the Ninth Circuit ordering the district court to adjudicate the habeas
8    petition more quickly, rather than an order by the district court itself setting aside a state court
9    judgment because it cannot reach the petition's merits. *See* Mot. at 31–32 ("The most common
10   remedy sought for excessive delay in resolving a habeas petition is a writ of mandamus from the
11   appellate court . . ."); Opp'n at 11–12 ("The traditional remedy for undue delays in adjudicating a
12   case is a writ of mandate . . . .").

13         The court does not dismiss Frye's concerns about the delays in this case out of hand. But
14   Frye has not shown that the primary reason his petition is not yet resolved is the court's inability
15   to rule on his claims. The court responded relatively promptly to Frye's suggestion it could
16   resolve his petition by addressing a single claim, but then was reversed after deciding the claim in
17   Frye's favor. On remand, the court promptly set a briefing schedule to facilitate deciding the
18   motion addressed by this order, which it now is doing within a reasonable time. While the
19   magistrate judge's amended findings and recommendations addressing 11 of Frye's claims have
20   been pending before the court for some time, the court has been working to address them and
21   anticipates issuing an order relatively soon. Separate and apart from the court's efforts to address
22   Frye's petition as best it can, Frye himself has contributed to the extended life of his case by
23   seeking or not opposing myriad extensions of time, seeking to amend his petition to add a new
24   claim eighteen years after first filing his petition, and not seeking to advance resolution of 32 of
25   his 45 claims.
26   /////
27   /////
28   /////

1    For the reasons stated above, the court **denies** Frye's motion to set aside the judgment
2 against him.
3    This order resolves ECF No. 704.
4    IT IS SO ORDERED.
5 DATED: September 10, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE