UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jerry Grant Frye,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>Warden of California State Prison at Stockton,<br><br>　　　　　　　Respondent. | DEATH PENALTY CASE<br><br>No. 2:99-cv-00628-KJM-CKD<br><br>ORDER |

　　　　Petitioner Jerry Frye seeks leave to amend his federal habeas corpus petition[1] in this action to add a claim related to his previous attorney's alleged conflict of interest. *See generally* Mot. Amend, ECF No. 705.  Respondent argues the proposed amendment would be futile because Frye has not presented his new claim to the state court. *See generally* Opp'n, ECF No. 727.  Frye argues in response that as a matter of practical reality, California courts do not adjudicate post-conviction challenges like the one he asks to add to his federal petition, and for that reason, argues the proposed amendment need not be presented in the first instance and is therefore not futile. *See* Mot. Amend at 12–14; Reply at 6–13, ECF No. 730.

---

　　　　[1] In a previous order, this court granted the petition in part by vacating the sentence of death. ECF No. 732.  The court has retained the "Death Penalty" heading here based on the sentence and petition as it stood at the time this action was filed.

1

1    The parties agree federal courts may reject futile amendments to the pleadings, including
2 in habeas corpus matters like this one. *See* Mot. Amend at 10; Opp'n at 1. The parties also agree
3 it is generally futile to amend a habeas petition to add claims that have not already been presented
4 to the state court, i.e., "exhausted." *See* Mot. Amend at 12; Opp'n at 2. Finally, the parties agree
5 there is an exception to that general exhaustion rule: a habeas petitioner is under no obligation to
6 exhaust a claim if no "corrective process" is available or if the circumstances make an available
7 process "ineffective." *See* Mot. Amend at 12–13 (quoting 28 U.S.C. § 2254(b)(1)(B)); Opp'n at 3
8 (same). The parties disagree whether California's process is available and effective. *Compare*
9 Mot. Amend at 13–14 *and* Reply at 6–13 *with* Opp'n at 4–7.

10    Frye does not deny that California has a system for hearing and adjudicating post-
11 conviction challenges in capital cases, at least on paper. Defendants may file postconviction
12 petitions for writs of habeas corpus in the court in which the defendant was convicted. *See* Mot.
13 Amend at 13; Reply at 6–7. Frye argues it would be pointless to file such a petition here,
14 however, because "no money at all has been allotted by the legislature for any part of the judicial
15 process" for capital habeas corpus petitions pending in California counties. Reply at 7. "Not one
16 county in California," he argues, "has allotted any funding at all for such litigation, or for
17 payment of counsel." *Id.* "[E]ven if present counsel were appointed by this Court to present Mr.
18 Frye's claims to Amador County," he contends "there would be no money available for a hearing,
19 discovery, or any other part of the habeas process." *Id.* Respondent argues otherwise, citing a
20 case in which "federally appointed counsel [were] able to represent a state inmate throughout [the
21 applicable] state corrective process without obtaining an appointment from the state courts."
22 Opp'n at 7 (citing *In re Friend*, 11 Cal. 5th 720). Respondent also relies on *Letner v. Broomfield*,
23 a case in which in another judge of this court rejected arguments based on the lack of any funding
24 in California courts. *See id.* (citing No. 18-1459, 2022 WL 10626051 (E.D. Cal. Oct. 18, 2022)).

25    Having reviewed the parties' briefs and the authorities they cite, the court cannot find on
26 this record that California's corrective system is so dysfunctional as to be "ineffective" for
27 purposes of the applicable exhaustion requirement. "Courts look to four factors in determining
28 whether the state's delay in adjudicating a petitioner's claim satisfies either of the

2

1  § 2254(b)(1)(B) exceptions or violates due process: (1) the length of the delay, (2) the reason for
2  the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant." *Letner*,
3  2022 WL 10626051, at *4 (citing *Coe v. Thurman*, 922 F.2d 528, 531 (9th Cir. 1990) and *Hill v.*
4  *Chappell*, No. 12-4909, 2012 WL 2340875, at *4 (C.D. Cal. June 19, 2012)).  It is the petitioner's
5  burden to show a corrective process is unavailable or ineffective. *See id.*

6  With respect to the first of these factors, there has been no delay to evaluate.  To assess
7  the length of any future delays, the court would need to speculate about how long the current state
8  of affairs is likely to persist and how Frye's state-court petition is likely to fare.  Similarly, with
9  respect to the fourth factor above, this court cannot assess the prejudice to Frye without
10 speculating about the relevant considerations, i.e., "(1) oppressive incarceration pending appeal,
11 (2) anxiety and concern of the accused awaiting the outcome of the appeal, and (3) the possibility
12 that grounds for appeal or defense upon any retrial will be impaired." *Id.* at 7.  Most importantly,
13 it is unclear how or why Frye's rights might be impaired, given the years that have already passed
14 since his trial, the delays inherent in these federal proceedings, and this court's recent order
15 granting his petition in part on other grounds. *See id.* (rejecting similar arguments because
16 petitioner had not shown his "claims have been or will be impaired by the ongoing state habeas
17 corrective process" or "the oppressiveness of his incarceration and any anxiety awaiting the
18 outcome of his second state habeas petition[] exceed that of any other habeas petitioner awaiting
19 adjudication of claims in the California state courts").

20 For these reasons, the motion for leave to amend (ECF No. 705) is **denied as futile**.  If
21 Frye does present his claims to the state court, this order does not bar him from arguing again in
22 this court that an effective corrective process is then not available in state court based on delays
23 and a lack of funding.

24 IT IS SO ORDERED.
25 DATED: October 6, 2025.

SENIOR UNITED STATES DISTRICT JUDGE

3